*323
 
 Mr Justice JoHNsoN
 

 -delivered the opinion of'the Court.
 

 The. defendants here were plaintiffs in the court below,' in an action for money had and received, instituted to recover the-amount of a deposit made, in the'bank1 bf the commonwealth of Kentucky.
 

 The defendants pleaded to the jurisdiction.on-the ground, that the state of Kentucky was sole proprietor of the stock of the bank, for which reason it was insisted that the. suit was virtually against a sovereign state. To this plea the plaintiffs, demurred, and the circuit court of Kentucky having decided in favour of its jurisdiction, that decision is made, the first' ground of error in the present suit.
 

 .
 
 But
 
 this Court is of opinion that the question is no longer open here. The case of the United States Bank
 
 vs.
 
 the Planters Bank of Georgia, 9
 
 Wheaton,
 
 904, was a . much stronger case for the defendants than the present;.for there, th'e state of Georgia was not only a proprietor, hut a corporator. Here the state is not a corporator, since by the terms of the. act incorporating this
 
 bank, Kentucky acts of
 
 1820, page 55, sec. 2, “ the president and directors” alone constitute the body corporate, the metaphysical person liable to suit. Hence, by the laws of the state itself, it is excluded from the character of a. party in the sense of the law when speaking of a body corporate.
 

 On the subject of an interest in the stock of a bank, the language of this Court, in the case cited, is this.
 
 “
 
 It'is, we • think, a sound principle, that when a government becomes a •partner in any trading company, it divests itself, so far as concerns the transactions of.that company, of its sovereign character, and takes that of a private citizen. Instead of communicating to the company its privileges and its prerogatives, it descends to' a level with those with whom it associates itself, and takes thé charactér which belongs to its associates, and to the business which is to be transacted. Thus, many states of the union-which have, an interest in banks, are not suable even in their own courts, yet they never exempt the corporation from being sued. The státé of Georgia,'by.giving to the bank the capacity to sue and be sued,1 voluntarily strips itself of its sovereign character so
 
 *324
 
 far as respects the transactions of the bank, and waives all privileges of that character.. As a member of a corporation, a government never exercises its sovereignty. It acts merely as.a corporator, and exercises no other power in the man--agement of the affairs of the. corporation, than are expressly. given by the incorporating act.”
 

 To which it .may be added, that if a state did exercise any other power in or over a bank, or impart to it its sovereign attributes, it would be hardly possible to distinguish the issue of the paper of such banks from a direct issue of bills of credit; which violation of the constitution, no doubt the state here intended to avoid.
 

 • The next question in the cause is on the sufficiency of the declaration; and on this point'it is insisted, that in Kentucky a corporation can only assume under seal, whereas the as-sumpsit here laid, is general and without seal. On. this subject the counsel admitted that every other court in the United States had decided otherwise, but that it had been so ruled in the courts of Kentucky, and was there held as an established law.
 

 .It cannot be- denied that the case of the Frankfort Bank
 
 vs.
 
 Anderson, 3
 
 Marshall’s Rep.
 
 1, fully sustains him in his position; but this Court declares it unnecessary at this time to enter into the inquiry how far its decisions and those of other states upon a question of a general; not a local case or character, are to be controlled by those of. any particular state, since they are of opinion that the act by which the Bank of the Commonwealth of Kentucky is incorporated, contains a provision which is conclusive upon this question. We mean the 8th section, by which i,t is enacted, that the bank shall receive money on deposit.without requiring them to give an obligation under seal to repay it.. This enactment must be construed with regard to the practice of banking,. and the general, understanding of mankind; and must create'a liability to the depositor by the simple act of depositing; t.hat is an assumpsit in. law,, implied fróm an act.m
 
 pais,
 

 The.two remaining questions arose upon a bill of exceptions, t’he rnateriai r&ct&.-.on which were these.
 

 
 *325
 
 The deposit was proved by an instrument of writing, in these words: “ J. T. Drake this day deposited to the credit of J. Wister, J. M. Price and C, J. Wister, the plaintiffs,'
 
 $7730
 
 81 cents, whicK is subject to their order on presentation of the certificate. Signed, O. G. Waggoner, cashier.
 

 . It was admitted that the deposit was made in bills of the commonwealth bank, that bills of that bank were then, and at the time of demand, passing current at half their nominal value; and that on presentation of the certificate, the cashier' offered bills of the bank to that, amount,- but the agent of the defendants refused to receive payment in any thing but gold or silver.
 

 In behalf of the bank it was moved that.the court instruct the jury that the plaintiffs below had not made out a good cause of action, and were not entitled to the nominal amount deposited,, but only to the value .of the notes. The court overruled the motion, and instructed the jury that the plaintiffs below; were" entitled to receive the full sum as expressed in the certificate, with interest from the date of the demand, in lawful money of the United States. In this instruction, it is now insisted that the .court below erred.
 

 1. Because nothing but a receipt of money can prove the basis of a recovery for money had and received.
 

 2. Because, if entitled to recover at all, the plaintiffs below could recover no more than the value of- the 'thing deposited. '
 

 ■On Both these points we are of' opinion that the.form of the certificate, and the act of incorporation furnish a conclusive answer.
 

 The language of the certificate is-expressive of a general," not a special deposit; and the-act of incorporation, section 17, is express, that the bills of the bank
 
 “
 
 shall be payable and redeemable in. gold or silver.”
 

 The transaction then was equivalent to receiving and depositing the gold or. silver; if the bank did not so understand it, nothing would have been easier than, to refuse to take the money as a formal deposit; and the holder of their bills would then have been put to. his action upon the bills, thém-
 
 *326
 
 selves', in which case; he w'ould certainly have received the gold or. silver to the amount upon the face of the bills.
 

 There are two other points which the cause has been supposed to present, and which thé Court notices to avoid the imputation of letting them escape their attention.
 

 The first is that the refusal of the bánk to pay on the .presentation of the cashier’s certificate, may be imputed to the failure to accompany it with a check from the principals. But on this subject the majority of the Court are pf opinion that the bank put its own construction on the sufficiéncy of the demand and, the meaning of their cashier’s certificate, when they tendered, upon its presentation, all that they admitted to be due upon it.
 

 The qther point has,re!ation to the form of the bills, which aré .made payable to individuals or bearer, concerning which individuals there is no averment of citizenship and which therefore may'have been.payable, in the first instance, to parties! not-compptent to sue in the courts of the United States.
 

 But this also is a question which has been considered and disposed of in our previous decisions. This Court has uniformly held that a note payable to beare$ is payable to any, body, and not affected by the. disabilities of the nominal payee. The judgment is affirmed with costs. .
 

 This cause came on to be heard on a transcript of the deCordfrom the'-circuit court of the United States forthe district of Kentucky; and was argued by counsel $ on' consideration whereof, it is considered, ordered and adjudged by this Court, that the judgment of the said circuit court in this cause be and is hereby affirmed., with costs.