ARCHIBALD K. SMITH, PLAINTIFF IN ERROR, *v.* ALFRED CLAPP, DEFENDANT IN ERROR.

By a statute of Alabama, it is enacted that every joint promissory note shall be deemed and construed to have the same effect in law as a joint and several promissory note; and whenever a writ shall issue against any two or more joint and several drawers of a promissory note, it shall be lawful, at any time after the return of the writ, to discontinue such action against any one or more of the defendants, on whom the writ shall not have been executed; and to proceed to judgment against the others.

This statute converts a joint into a several promise; and enables the holder to maintain an action against any one of the makers.

A defendant having appeared and pleaded to the action, and at the trial having withdrawn his plea, the Supreme Court cannot take notice of any matter of abatement in the writ or declaration. Where the writ had stated both of the defendants to be citizens of another state than that of which the plaintiff was a citizen, and one of the defendants has been returned not found by the marshal, under the laws of Alabama, it is not necessary, in the declaration, to aver the citizenship of the absent defendant.

By the statutes of Alabama, promissory notes may be . ssigned by endorsement; and the assignee may maintain an action in his own name on such notes. By the act of 1833, the same rights are given to the holder of notes given to a certain person or bearer, to a fictitious person, or to bearer only; and the assignment of such notes by delivery only, authorizes a suit by the holder in his own name. The holder of a note payable to A. B. or bearer, may, to avail himself of these provisions of the law, call himself an assignee of the note from A. B.; but the holder of such a note payable to the bearer, is not an assignee within the provisions of the judiciary act of 1789.

If any error exists in the calculation of interest in a judgment on a note, on which suit has been brought, the Court before whom the suit was brought, may, by the laws of Alabama, correct the error.

ERROR to the Circuit Court of the United States for the Southern District of Alabama.

This suit was instituted in the Circuit Court by the defendant in error, against Archibald K. Smith, the plaintiff, and Neil Munn, as the makers of a promissory note, payable to John Barge or bearer. The note was signed by A. K. Smith and Neil Munn. The writ of capias, by which the action was brought, stated Archibald K. Smith and Neil Munn to be citizens of the state of Alabama; and that Alfred Clapp was a citizen of the state of New York.

The marshal returned, "Executed the writ on A. K. Clapp,

L 2

Neil Munn not found." The declaration was filed against A. K. Smith, and stated that Neil Munn was not found.

A judgment was rendered against A. K. Smith, by the Circuit Court, and this writ of error was prosecuted by him.

The case was argued by Mr. Key, for the plaintiff; and by Mr. Test, for the defendant.

For the plaintiff it was contended,

1. That Barge, the payee, (through whom, as assignee, tne plaintiff below claimed,) not being shown competent to sue in the Circuit Court, the 11th section of the judiciary act prohibited the plaintiff from suing in that Court.

2. The judgment is for more than the amount of the note and interest.

Mr. Key contended that it was necessary to aver that John Barge, to whom the note was given, was not a citizen of Alabama. If this is not done, the Circuit Court had no jurisdiction of the cause. Cited, 3 Dall. 382. 4 Dall. 8. 4 Cranch, 46. 9 Wheat. 537.

The plaintiff must show that he claims through John Barge, a citizen of another state, or he cannot sue. The note is drawn to John Barge or bearer. The suit is brought as the assignee of Barge.

There is another objection. It should have been averred that Neil Munn, who was not taken by the marshal, was not a citizen of Alabama. It is not sufficient that the citizenship is stated in the writ; it should be averred in the declaration, so that it could have been denied in the pleadings. 8 Peters, 148.

It is insisted that the judgment is for more than the amount of the note and interest; and this is error.

Mr. Test, for the defendant in error, said, as to the first error assigned, that the note was payable to Barge or bearer, and was assigned to Clapp, who appears to be competent to sue in the Circuit Court; and it was not necessary to show that Barge was competent. See Bullard v. Bell, 1 Mason's Reports, 251. Bank of Kentucky v. Wistar, 2 Peters, 318.

As to the second error. It is a matter of fact, and a mere clerical error, which the defendant ought to have moved the

Court below to correct. It is not admitted that the error exists. The interest in Alabama, as allowed by statute, is eight per cent.

This case was brought merely for the purpose of delay; and defendant prays to be allowed the ten per cent. damages.

Mr. Justice M'KINLEY delivered the opinion of the Court.

This is a writ of error to the Circuit Court for the Southern district of Alabama. The defendant in error, who was plaintiff in the Court below, sued out a capias ad respondendum against the plaintiff in error, and one Neill Munn, directed to the marshal of the district; who returned that he had executed it upon Smith, and that Munn was not found. Whereupon, the plaintiff discontinued the suit against Munn, and filed his declaration, and proceeded to judgment against Smith. When the cause was called for trial, Smith withdrew his plea, previously filed, and suffered judgment to pass against him by nil dicit.

To reverse this judgment, the plaintiff in error relies upon the following grounds: First, There is no averment in the declaration that Munn was a citizen of Alabama. Second, It is not shown that John Barge, to whom the note was payable, was competent, under the eleventh section of the judiciary act of 1789, to maintain a suit in his own name. Third, The judgment is for more than the amount of the note and interest.

The first objection proceeds on the ground that the note and action being joint, the Court could not entertain jurisdiction of one defendant, unless it were shown that the other was also a citizen of Alabama. By a statute of Alabama, it is enacted that every joint promissory note shall be deemed and construed to have the same effect, in law, as a joint and several promissory note. And whenever a writ shall issue against any two or more, joint, or joint and several drawers of a promissory note, it shall be lawful at any time, after the return of the writ, to discontinue such action against any one or more of the defendants on whom the writ shall not have been executed; and to proceed to judgment against the others. Akins' Digest, 267, 268.

This statute converts a joint into a several promissory note; and enables the holder to maintain an action against any one or more of the makers. No doubt can be entertained, therefore, of the right of the plaintiff to have maintained the suit against

Smith alone. And the joint action having been severed, according to the statute, by the return of the marshal, there can be as little doubt of his right to proceed against Smith, as though Munn had not been named in the writ. In the writ it was stated that both Smith and Munn were citizens of Alabama, and had the writ been served on both, the plaintiff might have declared against both, without averring their citizenship; and unless the defendants had pleaded the variance between the writ and declaration, in abatement, he could not afterwards take advantage of it, in arrest of judgment; nor assign it for error. The defendant, Smith, having appeared, and pleaded to the action, and at the trial having withdrawn his plea, this Court can take no notice of any matter of abatement in the writ, or declaration. And, therefore, if it had been necessary to aver the citizenship of Munn, who could no longer be considered a party to the suit, the fact of his being a citizen of the state of Alabama, appearing in the writ is sufficient for all purposes of jurisdiction in this Court. Bradstreet v. Thomas, 12 Peters, 60.

The only question arising under the second ground of objection is, whether the assignment of the note was by endorsement, or by delivery; and this depends entirely upon the statute law of Alabama. By the act of 1812, all bonds, obligations, bills, single and promissory notes may be assigned by endorsement; and the assignee may maintain a suit thereon in his own name. Akins' Digest, 328, sect. 6. This section contains other provisions which are not material to this case. By the act of 1833, all the provisions of the above recited section are extended to promissory notes made payable to a certain person, or bearer, to a fictitious person or bearer, or to a bearer only; but it is provided, that nothing therein contained shall prevent the assignment of such note by delivery merely, so as to authorize the assignee to sue in his own name. Akins' Digest, 330, sec. 18.

The averment in the declaration is, that the said John Barge, to whom, or to the bearer of said promissory note, payment of the said sum of money, therein specified, was to be made, after the making of the said promissory note, and before the payment of the said sum of money therein specified, to wit, on the 1st day of December, 1836, at the Southern district of Alabama aforesaid, duly assigned over and delivered the said promissory

[Smith *v.* Clapp.]

note to the said plaintiff, who then and there became bearer and was and still is the bearer thereof, and entitled to demand and receive said sum of money, &c. It is obvious that this assignment was by delivery merely, and not by endorsement, which must be in writing. The intention of the averment is to show that the plaintiff was within the proviso of the act, and had a right to sue in his own name. It is clear that he sues in the character of bearer of the note; and consequently he is not an assignee within the meaning of the eleventh section of the judiciary act of 1789. Bank of the Commonwealth of Kentucky *v.* Wistar, 2 Peters, 318.

If any mistake occurred in the Court below, in calculating the interest due on the note, that is a proper subject of correction in that Court. By a statute of Alabama, the Court of original jurisdiction may correct any clerical error or misprision in the calculation of interest, or other mistake of the clerk, at any time within three years from the rendition of the judgment. Akins' Digest, 266. The note in this case is no part of the record; this Court cannot judicially know, therefore, when the interest commenced running: the third ground relied on by the plaintiff here, ought, therefore, to have been brought before the Court below, and may yet be brought before it; and if it shall there appear that any mistake has been made, it can be corrected.

The judgment of the Circuit Court is affirmed, with costs.