Joimsow, C. J. The question presented is whether the court fcelow erred in sustaining the demurrer to the plaintiff’s declaration. In order to a correct decision of this question it will be necessary in the first place to determine whether the deposit made with the Bank created the relation of creditor and debtor, or merely that of bailor and bailee. “In ordinary cases of deposits of money with banking corporations or bankers, the transaction amounts to a mere loan or mutuum, and the bank is to restore, not the same money, but an equivalent sum when it is demanded. But persons are sometimes in the habit of making what is called it special deposit of money or bills in a bank, where the specific money, as silver or gold coin, or bills, are to be restored, and not an equivalent. In such cases the transaction is a genuine deposit, and the banking company has no authority to use the money so deposited, but is bound to return it in individuo to the party j” Story’s Com. L. B. 66. It is urged by the defendant that the certificates of deposit declared upon are variant from those exhibited on oyer. If there be a variance it consists in the fact that the certificates call for bills issued by the Branch Bank, when they are described in the declaration as the bills of the Bank of the State of Arkansas. The decision of this court in the case of Brown et al. vs. The Bank of the State, 5 Ark. R. 235, fully settles the question. In that case the court say “that modern corporations derive their being and powers from the acts by which they are created, and mdst in all-things be governed thereby, is a principal generally admitted. But it has also long since been determined that acts done by, or to, a corporation by a name substantially its true name, though differing therefrom in words and syllables, are valid; and upon this principle many cases have been decided. See the case of The Mayor and Burgesses of Lynne Regis, 10 Coke Rep. 122, and the cases there referred to< Here the obligation or promise is to pay “the Branch of the Bank of the State of Arkansas at Arkansas.” The true name of the corporation is “the Bank of the State of Arkansas.” The question therefore is whether the words added before and after the true name áre such as vary it substantially, and constitute in fact a different obligee, or, are such as only make a mere verbal difference, blit are in substance and effect the same as the true name of the corporation. The law incorporating the Bank of the State of Arkansas has been held by this court to be a public law, and the-Bank to be, at least, a quasi public corporation. .We are therefore bound to know judicially that there is a branch of said bank at Arkansas, and that it is but a portion or integral part of said corporation : consequently every thing done by or to those entrusted with the management of its business at said branch in respect thereto, must be considered as done to the corporation ; because, being but an integral part of the whole, it can have no existence separate from, and independent of the corporation, of which it is a member only; and therefore those who act therein cannot act for and as the agents of that particular branch only,- but must act for and as the agents of the whole corporation, notwithstanding their powers may be restricted so that they can only act in reference to such portion of the business thereof as shall be transacted at that particular branch or place. This the parties were bound to know, and must be presumed to have known when the obligation or promise was made. And therefore we are inclined to believe that all such promises and obligations as purport to be made by or to “the Branch of the Bank of the State of Arkansas at Arkansas,” may well be considered as promises or obligations of or to' the corporation ; or, in other words, as having been made by or to the Bank of the State of Arkansas; and that such words added to the true name do not vary it in substance or effect, but only in words or syllables, so that the name in the obligation, by matter apparent therein, notwithstanding the additional words, imports a sufficient certain demonstration of the true name of the incorporation» and therefore it is binding upon the parties.” In that case the controversy arose upon a writing made payable to the Branch of the-Bank ©f the State- of Arkansas at Arkansas. The court in commenting upon the legal effect of an obligation thus drawn, incidentally, but clearly and conclusively settles, the question here presented. The doctrine there laid down is that the principal Bank and branches taken together constitute but one corporation, and that consequently every contract entered into by the branch is,, in contemplation of law, the act of the Bank itself.- We think it clear therefore that there is no variance in this particular. We now come to consider the point upon which the whole case must necessarily turn; and that is, whether the deposit, as described by the plaintiff, is a-general or special, deposit, or, in other words^ whether it created the relation of creditor and debtor, or merely that of bailor and bailee. The supreme court of the United States, in the case of the Bank of Kentucky vs. Wister and others, 2 Peters 325, which was very similar to this in-almost every particular, held the-deposit to be general, and that the depositor was entitled to recover the nominal amount deposited. In that case the deposit was proved by an instrument of writing in these wo rds: “J. T. Drake this day deposited to the credit of J. Wister, J. M Price and C. J. Wister $7730 81 cents, which is subject to their order on presentation of the certificate,- signed, O. G. Waggoner, cashier.” It was admitted upon the trial that the deposit was made in bills of the Commonwealth Bank, that bills of that bank were then and at the time of demand passing, current at' half their nominal value, and that on presentation of the certificate the cashier offered bills of the bank to tha,t amount, but the agent of-the parties refused to receive payment in any thing but gold and silver. The court, in delivering their opinion, say that “ The language of the certificate is expressive of a general, not a special deposit, and that the act of incorporation, section 17, is express that the bills of the bank “shall be payable and redeemable in gold and silver.” The transaction then was equivalent to receiving and depositing the gold or silver; if the bank did not so understand it, nothing would have been easier than to refuse to take the money as a formal deposit ; and the holder of their bills would have been put to his action upon the bills themselves, in which case he would have received the gold or silver to the amount upon the face of the bills. The certificate in the case cited, taken in connection with the admission at the bar are substantially the same. It was admitted in the one case that it was the paper of the bank itself which was deposited, and in the other the fact is expressed upon the face of the certificate. The difference, if any exists, is not such as materially to affect the principle of the case. The principle asserted and established in the ease referred to is that the bank, having received her own paper on deposit, had thereby taken out of circulation that amount of her liabilities, and that as those liabilities could only be redeemed in gold and silver, it was nothing but just and proper that she should be held responsible to the depositor for their nominal amount. It is contended by the counsel for the defendant that there is no difference between a deposit of the bank’s own paper and that of the paper of the Banks of the State of Mississippi. We think otherwise. The distinction is broad and manifest. A deposit of the bank’s own paper would necessarily withdraw that amount from circulation, and to that extent diminish her indebtedness, but a deposit of the paper of the banks of Mississippi, or of any other State, would leave her circulation, untouched. The plaintiff deposited divers sums of the bank’s own paper, which was to be subject to his order on the return of the certificate of deposit. This certificate without any restrictive words to change its legal character, must be regarded as a general deposit, and consequently as creating the relation of creditor and debtor. The bank having become liable for the amount in specie from the moment of the receipt of the paper, it should have been placed to the credit of the depositor and. then used and considered as constituting a part of the funds of the institution. If the principle extracted be in accordance with the law, and that it is we entertain no doubt, then it follows that the circuit court erred in sustaining the demurrer to the declaration, and rendering judgment for the defendant. Judgment reversed.