HALSEY v. TOWNSHIP OF NEW PROVIDENCE, ETC.

*(Circuit Court, D. New Jersey.   August 16, 1880.)*

1. JURISDICTION—MUNICIPAL BONDS—ACT OF MARCH 3, 1875.—Municipal bonds do not come within the prohibition of the act of March 3, 1875, (18 St. 470,) which enacts that "no circuit or district court shall have cognizance of any suit founded on contract, in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon, if no assignment had been made, except in cases of promissory notes, negotiable by the law merchant, and bills of exchange."

Demurrer to Replication.

NIXON, D. J.   The plaintiff, describing himself as a resident and citizen of the state of California, has brought this suit against the township of New Providence, in the county of Union, New Jersey, for the recovery of $15,000, principal and interest, due upon several bonds alleged to have been issued by the defendant corporation.

The declaration sets out the filing of the consent papers, with the affidavits annexed, required by the act of the legislature authorizing the bonds; the making and issuing the same, with the recital upon their face of the authority under which they were issued; and that the plaintiff was the holder and bearer, by purchase, for a valuable consideration, in the open market.

The defendants, after the general issue, plead specifically— (1,) that John M. Wilcox, who made the affidavits in the declaration mentioned, was not the assessor of the township in the year 1867; (2,) that the consent papers, authorizing the amount of money to be raised in the township, were not signed by a majority of the tax payers, as required by the statute; (3,) that the commissioners, as such, did not borrow money on the faith of the township, nor negotiate the bonds for money; (4,) that the affidavit of Wilcox, the assessor, was not true, and that the persons whose names were signed to the consents did not, in 1867 or afterwards, constitute a majority of the tax payers of the township, nor represent a majority of the real property in value; (5,) that the bonds were

not registered in the office of the clerk of the county of Union before they were negotiated and sold; and (6) that the commissioners failed to execute a bond, with two or more sureties, for the faithful performance of their duties, before entering upon the duties of their office.

The plaintiff, after replying to the several pleas *seriatim*, adds a replication to the fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth pleas, alleging, in substance, that after the said Jonathan Bonnell, Jarvis Johnson, and John Littell, in the declaration mentioned, had been appointed and sworn as commissioners for the defendant township, and after the filing in the office of the clerk of the county of Union of the paper writing so signed by the persons purporting to be tax payers of the county, with the several affidavits of the commissioners and assessors annexed; and after the defendants, by the hands and under the seals of the commissioners, had made and executed the several bonds in the declaration mentioned; and after the same had been indorsed as registered in the office of the clerk of the county of Union, as therein alleged, to-wit, on the first of July, 1870,—the same and each of them were, by the said commissioners, sold, negotiated, and delivered, for a valuable consideration received, to divers innocent purchasers thereof, in the open market, in the usual course of business, and without any notice or knowledge whatever of any of the several matters and things in the said pleas in this replication mentioned, to-wit, to Samuel B. Halsey, John Marsh, Charles F. Ogden, John L. Baldwin, Edwin Ford, Joseph Lovell, Caroline E. Scofield, and James Jackson, all of the county of Morris and state of New Jersey; which several persons afterwards, to-wit, on the day and year aforesaid, duly assigned and transferred the said bonds to the plaintiff, who then and there, and hath ever since, continued to be the lawful owner and holder thereof.

To this replication the defendants have demurred, and the ground of the demurrer is that the facts disclosed by the replication show that the court has no jurisdiction of the case.

Do these facts, to-wit, the original ownership of the bonds

by citizens of the same state in which the defendant corporation resides, and from or through whom the plaintiff derived title, deprive the court of jurisdiction? The answer of the question involves the construction of the first section of the act of March 3, 1875, (18 St. 470,) which enacts that "no circuit or district court shall have cognizance of any suit founded on contract, in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment has been made, except in cases of promissory notes, negotiable by the law merchant, and bills of exchange."

It will be perceived, on examination, that this is a re-enactment of the eleventh section of the judiciary act, with a change of phraseology as to the subject-matter of the suit. The latter specifies a "suit to recover the contents of any promissory note, or other *choses* in action," while the recent enactment embraces "any suit founded on a contract," and excepts "promissory notes and bills of exchange." The object of both is the same—to prevent persons assigning contracts to nominal parties, residing in other states, merely to clothe the court with jurisdiction from the residence of the litigants. This replication is put in to claim for the plaintiff the benefit of the well-known doctrine that a purchaser with notice may invoke in his behalf the want of notice of a prior innocent holder. The defendants, by demurring thereto, confess the truth of its allegations, and acknowledge that the plaintiff is a *bona fide* holder of the bonds, without notice of the alleged defects in their inception. *City of Lexington* v. *Butler*, 14 Wall. 282, 295.

It is conceded that such municipal bonds are contracts, but they are not the contracts that are contemplated by the section of the statute under consideration. It is not a contract which the maker of the bonds enters into with the original holder, who tranfers his right of action, by assignment, to a subsequent holder, but one made with every holder of a bond who has the right of action by reason of his *bona fide* possession. Such bonds have all the qualities of negotiable paper,

and pass from hand to hand without assignment, and hence come within the spirit, if not the letter, of the exception stated in the act.

The observations of the learned judge (Story) in *Bullard* v. *Bell*, 1 Mason, 243, 252, although suggested in reference to notes issued by a banking institution, are quite pertinent to the case of municipal bonds. He says: "A note payable to bearer is often said to be assignable by delivery; but, in correct language, there is no assignment in the case. It passes by mere delivery, and the holder never makes any title by or through any assignment, but claims merely as bearer. The note is an original promise by the maker to pay any person who shall become the bearer; it is, therefore, payable to any and every person who successively holds the note *bona fide*, not by virtue of any assignment of the promise, but by an original and direct promise moving from the maker to the bearer."

To the same effect was the opinion of the supreme court in the case of *Smith* v. *Clapp*, 15 Pet. 125, where it was held that the plaintiff, to whom had been assigned a promissory note payable to A. B., or bearer, was not an assignee, within the provisions of the eleventh section of the judiciary act, although, in the declaration filed, he had averred that the note had been duly assigned over and delivered to him, whereby he became the bearer, etc. The court said it was obvious, from the fact that the note was payable to bearer, that the assignment was by delivery merely, and not by indorsement, which must be in writing, and hence that the holder did not come within the prohibition of the law. See, also, *Bradford* v. *Jenks*, 12 McLean, 130; *White* v. *Railroad Co.* 21 How. 575; *Thompson* v. *Lee Co.* 3 Wall. 327; and *City of Lexington* v. *Butler, supra.*

Taking this view, it is not necessary to consider whether the several pleas, to which the replication is an answer, show any defence to the declaration. The court has heretofore expressed its opinion fully upon the question, in previous suits of a like character, on motion to strike out such pleas.

The demurrer is overruled.