SKINNER v. BARR.

(Circuit Court, E. D. Pennsylvania. December 2, 1896.)

1. JURISDICTION—PROMISSORY NOTES—ACT AUG. 13, 1888.

A federal court has no jurisdiction in an action upon a promissory note by an indorsee against a remote indorser, notwithstanding diverse citizenship exists between them, unless the person from whom the indorsee derives title could have maintained an action on the same note against the same defendant.

2. SAME—CONSTRUCTION OF STATUTE.

The words "if such instrument be made payable to bearer, and be not made by any corporation," in the act of August 13, 1888 (25 Stat. 434), restrain the effect of the words "any subsequent holder," and have no restraining effect upon the general denial to federal courts of cognizance of suits on promissory notes or other choses in action in favor of an assignee, where suit could not have been prosecuted in such courts if no assignment or transfer had been made.

3. SAME.

A., a citizen of Pennsylvania, payee of certain notes made by B., and indorsed by C., both citizens of Pennsylvania, indorsed the notes to D., a citizen of New Jersey. Held that, as A. could not have brought an action on the notes in a United States court against C., so neither could D.

Motion for Judgment Non Obstante Veredicto.

This was an action on several promissory notes made by George W. Price, a citizen of Pennsylvania, payable to Catharine J. Knapp, a citizen of the same state, and indorsed by George W. Barr, the defendant, also a citizen of Pennsylvania, and subsequently transferred by indorsement of Catharine J. Knapp to her brother-in-law Robert W. Skinner, the plaintiff, a citizen of New Jersey. On the trial, before DALLAS, Circuit Judge, the plaintiff gave in evidence the notes. The defendant asked for a nonsuit, on the ground that the record and evidence showed that there was no jurisdiction in the circuit court. The motion was overruled. The defendant then endeavored to show a defense existing as between himself and the other original parties to the notes, but was unable to show notice thereof to the plaintiff, who claimed as an innocent holder for value. The defendant's offer was accordingly rejected. The court directed the jury to find a verdict for the plaintiff, subject to the point reserved, viz. whether the court had jurisdiction of the case.

The defendant contended that, as Skinner had no right of action at all except by the assignment of Mrs. Knapp, and as she, being a Pennsylvanian, could not have maintained an action in this court against the defendant, so neither can Skinner. Under the act of 1789, an indorsee could have maintained an action on a note against an indorser, irrespective of the citizenship of the payee or maker, because the claim in such a proceeding was by a new contract, and if, as between indorser and indorsee, the citizenship was diverse, the requirements of law were satisfied. Young v. Bryan, 6 Wheat. 146. This, however, was confined to actions between immediate indorsers and indorsees. Mullen v. Torrance, 9 Wheat. 537. The act of March 3, 1875 (18 Stat. 470, c. 137, § 1), gave jurisdiction in cases of negotiable notes where such jurisdiction would have been excluded by the act of 1789. This was, however, abrogated by the act of March 3, 1887, as amended by act of August 13, 1888 (25 Stat. 433, 434, § 1). It provided: "Nor shall any circuit or district court have cognizance of any suit except upon foreign bills of exchange, to recover the contents of any promissory note or other choses in action in

favor of any assignee, or of any subsequent holder if such instrument be made payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made." This has been interpreted in the case of Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912, to be a restoration of the provisions of the act of 1789, with an additional restriction upon the jurisdiction by excluding from federal cognizance suits in favor of any subsequent holder of an instrument, payable to bearer, and not made by a corporation. If the position of the plaintiff—viz. that the effect of the act is to oust jurisdiction only where the note is payable to bearer, and is not to a corporation, leaving jurisdiction in all cases where the citizenship of the parties to the action would sustain it, irrespective of the citizenship of the parties through whom the right of action was derived, where the note was payable to a person named—is correct, Parker v. Ormsby cannot be sustained, for it was a case in which the note involved was not payable to bearer, but to a person named, and was not a corporation note. The only conclusion is that the court held that the words "if such instrument be made payable to bearer, and be not made by any corporation," limit the expression "any subsequent holder," and are not referable to the entire foregoing portion of the act. See, also, Bank v. Mc-Nair, 56 Fed. 323.

The plaintiff contended that, under the restrictions of the act of 1789, there were two exceptions: (a) An indorser could sue an indorsee if they were citizens of different states. Young v. Bryan, 6 Wheat. 146; Mullen v Torrance, 9 Wheat. 537. (b) The holder of a note payable to bearer could sue without reference to the citizenship of the original holder or payee, because the title passed by delivery, and not by assignment. Bank v. Wister, 2 Pet. 318; Thompson v. Perrine, 106 U. S. 589, 1 Sup. Ct. 564, 568. The act of 1875 let down all the bars so far as promissory notes are concerned, and the exceptions to the act of 1789 became of no consequence. The only difference between the act at present in force and that of 1789 grows out of the words "if such instrument be payable to bearer, and be not made by any corporation." This shows an intent to limit the generality of the act of 1875, and exclude from federal jurisdiction actions on notes payable to bearer. This appears if the act of 1888 is read thus: "Nor shall any * * * court have cognizance of any suit to recover the contents of any promissory note * * * in favor of any subsequent holder, if such instrument be payable to bearer, * * * unless such suit might have been prosecuted in such court to recover said contents if no transfer had been made." As this is not a suit upon a note payable to bearer, the general language of the act giving jurisdiction in cases founded on diverse citizenship applies, and even under the act of 1789, this action could have been maintained upon the defendant's contract of indorsement. Rey v. Simpson, 22 How. 341; Good v. Martin, 95 U. S. 90.

Alexander Simpson, Jr., for plaintiff.
Henry Budd, for defendant.

DALLAS, Circuit Judge. Upon the trial of this case, the plaintiff proved every fact which it was requisite for him to establish to maintain his action, but the defendant denied that this court was authorized to try it; and, the question of jurisdiction so raised appearing to be a substantial and serious one, a verdict for the plaintiff was directed, subject to that question, which was reserved. The defendant has now moved for judgment, upon the point reserved, notwithstanding the verdict, and that motion has been heard and considered.

The only material inquiry is as to the correct construction of a part of the statute of August 13, 1888 (25 Stat. 434), as follows:

"Nor shall any circuit or district court have cognizance of any suit except upon foreign bills of exchange to recover the contents of any promissory note or other choses in action in favor of any assignee, or of any subsequent holder,

if such instrument be made payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

In my opinion, the effect of the language quoted is to deny jurisdiction to the courts mentioned, as well in suits to recover the contents of any promissory note in favor of any assignee, as in suits to recover in favor of any subsequent holder, where the instrument be made payable to bearer, and be not made by any corporation, unless, in either case, such suit might have been prosecuted in such court to recover the said contents if no assignment (in the first instance) or transfer (in the second instance) had been made. In other words, I read the clause as if its immediately material terms were thus transposed:

"Nor shall any circuit court have cognizance of any suit in favor of any assignee unless such suit might have been prosecuted in such court if no assignment had been made; or in favor of any subsequent holder, if such instrument be made payable to bearer, unless such suit might have been prosecuted in such court if no transfer had been made."

Parker v. Ormsby, 141 U. S. 81, 11 Sup. Ct. 912.

It follows that the present action is one of which this court has not jurisdiction. Mullen v. Torrance, 9 Wheat. 537. Judgment for defendant, notwithstanding the verdict.