UNITED STATES v. CHESAPEAKE & D. CANAL CO.

(District Court, D. Delaware. March 18, 1913.)

No. 1, March Term, 1912.

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS BY DEMURRER.

   In an action by the United States to recover dividends on corporate stock owned by it, a demurrer by the United States to a plea setting up the statute of limitations operates as an admission that the government owned the stock and was entitled to the dividends at the time mentioned in the bill of particulars made part of the declaration.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. LIMITATION OF ACTIONS (§ 11*)—ACTIONS BY UNITED STATES—STATE STATUTE.

   In the absence of a federal statute limiting the time for the bringing of a suit by the United States in its sovereign capacity for the recovery of money to be paid into the national treasury, no state statute of limitations can bar the remedy.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35–39; Dec. Dig. § 11.*]

3. UNITED STATES (§ 141*)—ACTIONS—PRESUMPTION.

   In an action by the United States to recover dividends on corporate stock owned by it, it will be presumed, in the absence of allegations to the contrary, that the money to be recovered will be paid into the national treasury as public money.

   [Ed. Note.—For other cases, see United States, Cent. Dig. §§ 136–139; Dec. Dig. § 141.*]

4. LIMITATION OF ACTIONS (§ 11*)—ACTION BY UNITED STATES.

   An action of assumpsit, brought by the United States to recover dividends on corporate stock owned by it to be paid into the national treas-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ury, is a suit in its sovereign capacity, which is not barred by a state statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35–39; Dec. Dig. § 11.*]

**5. LIMITATION OF ACTIONS (§ 11*)—ACTION BY UNITED STATES.**

The rule that the United States, when it becomes a stockholder in a corporation, does not thereby impart to the corporation its rights and privileges as a sovereign, and that it has only the rights of a stockholder with respect to the corporate transaction and affairs, does not prevent the application of the rule that a state statute of limitations will not bar an action by the government in its sovereign capacity to recover dividends on corporate stock owned by the government.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 35–39; Dec. Dig. § 11.*]

**6. LIMITATION OF ACTIONS (§§ 165, 175*)—NATURE OF STATUTORY LIMITATIONS.**

A statute of limitations bars the remedy, but does not affect the right, and it may be waived.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 649, 662; Dec. Dig. §§ 165, 175.*]

**7. LIMITATION OF ACTIONS (§ 14*)—ACTIONS BY UNITED STATES—AGREEMENT AS TO TIME.**

There is an essential distinction between a pure statute of limitations, on the one hand, and, on the other, time stipulations entering into and forming part of a contract on which the United States as one of the contracting parties brings suit; or a time limitation for an appeal, or the filing of pleadings, or the taking of other steps necessary to the due and orderly prosecution of legal or equitable remedies; or a requirement of notice to be given within a certain time as a condition precedent to the fixing of the liability of a party; in all of which latter cases the United States will be bound by a time limitation as would a private individual.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 59–61; Dec. Dig. § 14.*]

Action by the United States against the Chesapeake & Delaware Canal Company. Demurrer to the defendant's plea of the statute of limitations sustained.

John P. Nields, U. S. Atty., of Wilmington, Del.

Andrew C. Gray, of Wilmington, Del., and Charles Biddle, of Philadelphia, Pa., for defendant.

BRADFORD, District Judge. This is an action of assumpsit brought by the United States against the Chesapeake & Delaware Canal Company, a corporation of Delaware, for the recovery of dividends alleged to be due to the United States from it on 14,625 shares of its capital stock held and owned by the United States, together with interest thereon. The declaration contains four counts and a bill of particulars. The first three counts are for money had and received for the use of the United States, and the fourth count is for interest on such money. The bill of particulars is as follows:

### Bill of Particulars.

Chesapeake and Delaware Canal Company, a Corporation of the State of Delaware, to The United States of America, Dr.

To sums of money due and owing to The United States of America as the owner and holder of fourteen thousand six hundred and twenty-five (14,625)

---

shares of the capital stock of said Chesapeake & Delaware Canal Company, being its pro rata share of dividends declared by said Chesapeake & Delaware Canal Company and, also the interest due and owing to The United States of America on said sums of money.

| | |
|---|---|
| Sum of money due said United States, being its share of dividend declared June 30, 1873 | $21,937.50 |
| Interest on said sum of $21,937.50 from and after June 30, 1873. | |
| Sum of money due said United States, being its share of dividend declared June 30, 1875 | 14,625.00 |
| Interest on said sum of $14,625.00 from and after June 30, 1875. | |
| Sum of money due said United States, being its share of dividend declared June 30, 1876 | 14,625.00 |
| Interest on said sum of $14,625.00 from and after June 30, 1876. | |

[1] The defendant has pleaded to all the counts (1) non assumpsit, (2) release, and (3) statute of limitations. To the plea of the statute of limitations the United States has demurred, and upon this demurrer the case has been heard. It has been ably and exhaustively argued by counsel on both sides. The points involved, however, are few and simple. The demurrer to the plea of the statute of limitations operates as an admission by the defendant that the United States is and was the owner and holder of 14,625 shares of its capital stock and became entitled as such owner and holder to receive from it on the several dates mentioned in the bill of particulars when dividends were declared the sums of money therein specified, being the pro rata share due and owing to the United States of such dividends. All of the above dates were more than three years,—the statutory period of limitation in Delaware for actions of assumpsit,—after the last dividend became payable and before the bringing of this action.

[2-4] In the absence of a federal statute limiting the time for the bringing of suit by the United States in its sovereign capacity for the recovery of money to be paid into the national treasury, the maxim *nullum tempus occurrit regi* has full application, and no state statute of limitations can bar the remedy. The question now to be decided has relation, not to estoppel or the disputable presumption of payment after the lapse of twenty years from the accruing of the cause of action, but solely to the statute of limitations of Delaware. There is nothing in the declaration or bill of particulars to indicate that the United States is prosecuting this action as a merely nominal party, or that it owned or held the above mentioned shares of stock of the defendant or any part thereof in trust for or on account of any private beneficiary or enterprise; or that the moneys sued for, if recovered, would not go into the national treasury and form part of the public funds to be devoted to public and not private purposes. It must be assumed, in the absence of an allegation to the contrary, that whatever moneys may be recovered in this action will be paid into the treasury of the United States to be disposed of as part of the public moneys. Under these circumstances it is wholly immaterial that the United States became entitled to the money which, if recovered, is to go into the national treasury, through its ownership of stock of the defendant company or through an investment in any other form for its benefit. The United States in so suing for the recovery of money for the national treasury is proceeding in its sovereign capacity and cannot be defeated by a

state statute of limitations. United States v. Thompson, 98 U. S. 486, 25 L. Ed. 194; United States v. Hoar, Fed. Cas. No. 15,373; United States v. Nashville, etc., Ry. Co., 118 U. S. 120, 6 Sup. Ct. 1006, 30 L. Ed. 81; United States v. Knight, 14 Pet. 301, 315, 10 L. Ed. 465; Lindsey v. Miller, 6 Pet. 666, 8 L. Ed. 538; United States v. Belknap (C. C.) 73 Fed. 19. In United States v. Nashville, etc., Ry. Co., supra, the court said:

> "It is settled beyond doubt or controversy—upon the foundation of the great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided—that the United States, asserting rights vested in them as a sovereign government, are not bound by any statute of limitations, unless Congress has clearly manifested its intention that they should be so bound."

In United States v. Beebe, 127 U. S. 338, 8 Sup. Ct. 1083, 32 L. Ed. 121, the court said:

> "The principle that the United States are not bound by any statute of limitations, nor barred by any laches of their officers, however gross, in a suit brought by them as a sovereign government to enforce a public right, or to assert a public interest, is established past all controversy or doubt. United States v. Nashville, etc., Railway Company, 118 U. S. 120, 125 [6 Sup. Ct. 1006, 30 L. Ed. 81], and cases there cited."

[5] An examination of the authorities cited on the part of the defendant shows that most, if not all, of them have no application to this case. The defendant contends that:

> "If the government is not acting *in its sovereign capacity* but has chosen to buy stock in a corporation, thereby stepping down from its high position as a sovereign power, and becoming a stockholder, it must be bound by the same rules that regulate other stockholders."

[6] This undoubtedly is true so far as substantive rights are concerned, but it does not bear upon the application of the maxim *nullum tempus occurrit regi*. The statute of limitations is part of the lex fori. It bars the remedy but does not destroy the right. However important, it is not included among the substantive rights of parties to litigation. It may be waived, and under the decisions in Delaware is waived unless pleaded. Parker v. Whittaker, 4 Har. (Del.) 527, note. In the cases cited on the part of the defendant language is often used which taken by itself would lend some color to the contention made by it. But the significance of that language must be determined by a consideration of the facts of the case in which it has been·employed. And when thus considered it lends little, if any, support to the defendant's case. Among the cases cited for the defendant some support the proposition that ownership by the United States or by a state of the whole or any part of the capital stock of a corporation chartered by it will not defeat the jurisdiction of a circuit (now district) court of the United States or of a state court over a suit against such corporation for the recovery of money or other property on the ground that the United States or the state enjoys immunity from being sued in such court. United States Bank v. Planters' Bank, 9 Wheat. 904, 6 L. Ed. 244; Bank of Kentucky v. Wister, 2 Pet. 318, 7 L. Ed. 437; Briscoe v. Bank of Kentucky, 11 Pet. 257, 9 L. Ed. 709;

Louisville Railroad Co. v. Letson, 2 How. 497, 550, 11 L. Ed. 353; Curran v. State of Arkansas, 15 How. 304, 14 L. Ed. 705; Southern Ry. Co. v. North Carolina R. Co. (C. C.) 81 Fed. 595. In United States Bank v. Planters' Bank, supra, the court said:

"The state does not, by becoming a corporator, identify itself with the corporation. The Planters' Bank of Georgia is not the state of Georgia, although the state holds an interest in it. * * * The state of Georgia, by giving to the bank the capacity to sue and be sued, voluntarily strips itself of its sovereign character, so far as respects the transactions of the bank, and waives all the privileges of that character. As a member of a corporation, a government never exercises its sovereignty. It acts merely as a corporator, and exercises no other power in the management of the affairs of the corporation, than are expressly given by the incorporating act. The government of the Union held shares in the old Bank of the United States; but the privileges of the government were not imparted by that circumstance to the bank."

Some cases cited by the defendant support the proposition that a state bank, of which the state granting the charter owns all the stock, in issuing its notes does not emit bills of credit in violation of the Constitution of the United States. Bank of Kentucky v. Wister, 2 Pet. 318, 7 L. Ed. 437; Briscoe v. Bank of Kentucky, 11 Pet. 257, 9 L. Ed. 709.

Other cases referred to by the defendant establish the proposition that a corporation, all or a part of whose capital stock is owned by a state, is not by reason of such ownership entitled to represent the state and rightfully claim preference or priority of payment over private persons. State Bank v. Gibbs, 3 McCord (S. C.) 377; Fields v. Creditors of Wheatley, 1 Sneed (Tenn.) 351.

The underlying principle of the three foregoing classes of cases is that ownership by the United States or a state of the whole or any part of the capital stock of a corporation, whether or not chartered by the United States or such state, does not operate to confer upon the corporation the privileges, prerogatives or immunities of sovereignty. These cases are wholly irrelevant to the point now before the court for decision. They do not directly or indirectly deal with the applicability of the statute of limitations to an action brought by the United States or by a state.

There is abundant authority to the effect that the United States or a state, in becoming a stockholder of a corporation puts itself upon the plane occupied by other and private-stockholders, and with respect to the corporate transactions and affairs is entitled to only an equality of substantive rights with those possessed by other stockholders. By its acquisition of stock it assents to the provisions of the charter creating and defining the rights and duties of stockholders; and it, therefore, acts in the capacity of a stockholder, not in the exercise of its sovereignty, but under and pursuant to the rights and duties conferred and imposed by the charter upon stockholders. As stated in United States Bank v. Planters' Bank, supra:

"As a member of a corporation, a government never exercises its sovereignty."

And as repeated in substance in Southern Ry. Co. v. North Carolina R. Co., supra:

"So far as respects the transactions of the corporation, its contracts, or its torts, the state exercises no power, enjoys no privilege, with regard to them, not derived from the charter, or differing in any way with the power or privilege enjoyed by any other stockholder."

The equality between the United States, or a state, and the other stockholders of a corporation, as established by the authorities, is equality of rights, duties and privileges under the charter. Such equality has no application to a pure statute of limitations. Such a statute relates only to the remedy and as part of the lex fori is wholly outside of charter rights, duties and privileges. The cases, while recognizing that the substantive rights and duties of the United States or a state as a stockholder are similar and only equal to those of private stockholders, do not state or intimate that the United States or a state in suing for the recovery of dividends belonging to it, and to be paid into its treasury for public purposes, is not acting in a strictly sovereign capacity. On the whole it seems clear on both reason and authority that the maxim *nullum tempus occurrit regi* applies in full force to this case as presented on demurrer to the plea of the statute of limitations.

[7] There is an essential distinction between a pure statute of limitations, on the one hand, and, on the other, time stipulations entering into and forming part of a contract on which the United States as one of the contracting parties brings suit; or a time limitation for an appeal, or the filing of pleadings, or the taking of other steps necessary to the due and orderly prosecution of legal or equitable remedies. And also where the law applicable to a contract is such that the giving of notice is a condition precedent to the fixing of the liability of a party, as, for instance, in the case of drawers and endorsers of bills of exchange, the obligation to give such notice binds the United States as holder and owner equally with a private holder and owner. But such and other cases are clearly distinguishable from that before this court in that it involves the consideration of only a pure statute of limitations as being applicable or inapplicable to a suit by the United States in its sovereign capacity. No opinion is here expressed on the point whether a presumption of payment may not have arisen from the lapse of time after the dividends sued for were declared and before the commencement of this action which might be taken advantage of under a proper plea. But for the reasons above given the demurrer must be sustained, with leave to the defendant to plead over.