**HALL v ORR-AULT CONSTR CO et**

**ATKINSON v ORR-AULT CONSTR CO et**

**WEHR v ORR-AULT CONSTR CO et**

Ohio Appeals, 7th Dist, Monroe Co
Nos. 230, 231, 232.  Decided April 30, 1930

John K. Sawyers, Jr., Woodsfield, for Hall, Atkinson and Wehr.

Thornburg & Lewis, St. Clairsville, for Orr-Ault Constr. Co.

**ROBERTS, J.**

Concerning the validity of the first attempted service of summons, as indicated by the return, attention is directed to **Hurd v Rameen & Co., 13 Oh Ap Rep., 135.** The syllabus reads in part as follows:

"Service of a summons upon a foreign corporation, whose place of business is outside of the state, having no agency in Ohio, and transacting its business in the different states by mail, is controlled exclusively by §11290 GC.

Service upon such foreign corporation to be good must be made upon the managing agent, and when the sheriff's return shows service only upon the president, it not appearing what the duties of the president are, nor that he is managing agent, it is incumbent upon the plaintiff to prove that such president is the managing agent."

Sec 11290, GC, reads:

"When the defendant is a foreign corporation having a managing agent in this state, the service may be upon such agent."

The first attempted service, as shown by the return of the sheriff, was not sufficient; it only shows that it was made upon an agent without anything to indicate that the agent was a person designated upon whom service might be made.

Sec 11231, GC, reads:

"Within the meaning of this chapter, an attempt to commence an action shall be deemed to be equivalent to its commencement when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days."

In the case of **B. & O. R. R. Co. et al v Collins, Admx, 11 O. C. D., 334,** the first paragraph of the syllabus reads:

"The limitation of §4988 **R. S.** providing that an attempt to commence an action shall be deemed equivalent to the commencement thereof, where the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days, begins to run from the attempt to make the service, and not from the time that the court determines that the original service is defective."

This case was affirmed by the Supreme Court without report.

As before stated, valid service was not obtained until the 7th day of February, 1929, which was considerably more than sixty days from the first attempt to obtain service.

The service, therefore, does not date back and become effective as of the date of the first attempt to obtain service, but only from the date when effective service was obtained on the 7th day of February.

As before quoted, it was a part of the bond that an action could not be brought thereon after the 21st day of November, 1928. This was the date of the filing of the petition; valid service not being had until the following February, the action was not commenced within the period contracted for in the bond.

That the immediate parties to a contract may provide for a shorter period, within which to commence action thereon, is well settled. Wood on Limitations, 145; 147 N. W., 651; 206 Fed., 964; 6 Oh St, 599; 37 C. J., 728; 32 Cyc, 230; 11 O. C. D., 334.

A familiar and frequent instance of providing for a shorter term of limitation for the commencement of actions is this provision which is usually found in insurance policies. The county commissioners in the first case, and the Casualty Company, being the parties to the instrument, had a right to contract as herein that action should not be commenced after the 21st day of November, 1928.

It follows that the Court of Common Pleas did not err in holding the first service defective, and the second service was had after the period of limitations contracted for had fully run, and, for this reason, the county commissioners were not authorized to maintain this action.

It is further claimed that the plaintiffs

failed to give notice of default, as required by the bond.

In the Hall case, the plaintiffs did give notice on the same day that the action was attempted to be commenced, Nov. 21st, 1928.

We think that the giving of this notice was not untimely nor unreasonably delayed. The Construction Company had made an assignment one week earlier, and then, first indicated its inability to perform the contract. The serving of the notice at this time did not prevent the Casualty Company from indicating its desire to complete the work. We find nothing in the case, however, to indicate it desired to go forward with the completion of the work.

It is further claimed that the petition in the Hall case shows that no loss has yet been sustained, and, therefore, no cause of action has accrued. We do not accept this proposition. The plaintiffs below alleged the failure of the Construction Company to complete the work, and the sum which would be required to complete it, and we think, in this respect, did show a cause of action.

A different situation is presented in the other two cases, upon the proposition as to whether service was made within proper time in the attempt to commence those actions.

These two plaintiffs were sub-contractors, and furnished material and labor in the construction of this improved road. They were not immediate parties to the contract, nor to the bond required by the statute for their protection.

We understand the law to be that parties, as in this instance, protected by the bond, but not named as parties therein, are entitled to the statutory period for the commencement of an action, and that the time of such period may not be lessened to their prejudice.

This court had this same proposition presented to it last week in Guernsey County, and there came to this conclusion after an examination of authorities relating thereto.

However, strictly speaking, this court has no right to regard this proposition, for the reason that the bond was neither attached to these two petitions, nor made a part thereof, so that this court cannot say from anything before it that there was any provision in the bond shortening the statute of limitations. The actions in the Hall and Atkinson cases were, therefore, commenced within proper time.

It is alleged in §2365-3 GC:

"Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration, or repair of any such building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond a statement of the amount due to any such person, firm or corporation.

No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement."

It is not alleged in either the Atkinson or Wehr petitions that any such statement was ever furnished; in fact, it is conceded that no such statement was furnished.

It is urged by counsel for plaintiffs in error in these actions, that such statement was not necessary because the contract never was completed. Under the terms of this section as they now read, we do not find any ground for excusing the non-performance of this requirement. Such notice, under the terms of this section, could have been furnished, notwithstanding the non-completion of the contract, and, this court holds that that should have been so furnished, and the sixty day provision could not be complied with. The petitions, not containing any allegation of such furnishing of statement, did not state a cause of action, and the demurrers were, therefore, properly sustained in this regard.

It is urged that provisions in the bond in question, not found in the statutory form provided in §2365-4 GC, cannot legally be required to be performed.

We do not think that this would be a proper construction. It evidently was not intended that the wording of bonds of this nature should be the same necessarily as the form provided in this section.

It is said in the section that they shall be in substantially the following form, and shall be subject to the conditions and provisions of this act to the same extent as if such conditions and provisions were fully incorporated in said bond form.

This, we think, indicates the intention of the legislature that the parties may agree upon other conditions, or shall have read into the bond the conditions required by these sections.

Having thus found that the Hall case was fatally defective because the action was not commenced within the prescribed time, and that in the other two cases, there was a failure to give the statutory notice, or statement, and there being no allegation of so doing in the petitions, the demurrers were properly sustained to them.

It finally follows that the judgment of

the Court of Common Pleas in each of these three actions is affirmed.

FARR and POLLOCK, JJ, concur.