## NEW ORLEANS COMMERCIAL CORPORATION v. CITY OF ALBERTVILLE, ALA., et al.

### No. 388.

District Court, N. D. Alabama, M. D.
March 14, 1940.

Robert L. Hickerson, of New Orleans, La., and Scruggs. & Creel, of Guntersville, Ala., for plaintiff.

Mack Killcrease, of Albertville, Ala., and O. D. Street, of Guntersville, Ala., for defendants.

MURPHREE, District Judge.

Defendant, a municipal corporation, made a contract for the construction of an electric distribution system which provided for certain payments of money to the contractor. The contractor, by mesne assignments, has assigned the rights under the contract to plaintiff. Defendant and assignor are citizens of Alabama, plaintiff is a citizen of another state. No negotiable or bearer instrument is involved. The defendant has filed a motion to dismiss on the grounds of lack of jurisdiction, the most specific ground of which is: "Because the complaint is based on an assignment of contract by an assignee who is a non-resident of the State of Alabama, and whose assignor is an Alabama corporation whose president and other officers reside in the State of Alabama, and the principal place of business of said corporation being at Guntersville, in the State of Alabama."

Apparently the statute relied upon by the defendant is that portion of Section 41(1), Title 28, U.S.C., 28 U.S.C.A. § 41(1), which reads as follows: "* * * No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. * * *"

It should be noted that earlier forms of this provision, which is commonly and hereinafter called the "assignee clause", did not contain the phrase, "or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation". In the absence of that phrase, a bearer instrument was held to be "payable to anybody, and not affected by the disabilities of the nominal payee". Bank of Kentucky v. Wister, 1829, 27 U.S. 318, 2 Pet. 318, 7 L.Ed. 437; 28 U.S.C.A. § 41(1), cases cited in note 816. This was true even though the transfer might have been made for the very purpose of giving jurisdiction to the Federal court. Cross v. Allen, 1891, 141 U.S. 528, 12 S.Ct. 67, 35 L.Ed. 843.

■ Therefore, the phrase referred to was added so that where the instrument was a bearer instrument, the disabilities of the original payee would apply unless the maker was a corporation. If the maker is a corporation and the instrument is a bearer instrument, the rule stated in Bank of Kentucky v. Wister, supra, still applies, and the assignee clause is no bar to the jurisdiction of the Federal court. White v. Vermont & M. R. Co., 1858, 62 U.S. 575, 21 How. 575, 6 L.Ed. 221; Board of Com'rs of Lake County, Colo. v. Dudley, 1899, 173 U.S. 243, 19 S.Ct. 398, 43 L.Ed. 684.

■ Parenthetically, it may be noted that a municipal corporation is clearly a corporation within the meaning of the phrase "any corporation" in the phrase referred to above. Loeb v. Columbia Township, 1900, 179 U.S. 472, 21 S.Ct. 174, 45 L.Ed. 280; Andes v. Ely, 1895, 158 U.S. 312, 15 S.Ct. 954, 39 L.Ed. 996; New Orleans v. Quinlan, 173 U.S. 191, 19 S.Ct. 329, 43 L.Ed. 664, affirming C.C., 1897, 92 F. 695.

■ However, the crucial point in the construction of the assignee clause in this case is whether when a chose in action is made by a corporation, and the chose in action is not a bearer instrument, the case is excepted from the operation of the entire clause, i. e., the assignee may not sue in the Federal court if the original assignor could not have sued in such court. At first glance it might seem that where the maker is a corporation that the entire assignee clause is inoperative. But closer study will show that where the maker is a corporation the only portion that is inoperative is the phrase "or of any subsequent holder if such instrument be payable to bearer and be not made by a corporation"—which is set off from the balance of the sentence by commas. In short, choses in action (except foreign bills of exchange) made by a corporation and not payable to bearer cannot be the basis of suit in a Federal court by an assignee unless the assignor might have sued in such court. New Orleans v. Benjamin, 1894, 153 U.S. 411, 14 S.Ct. 905, 38 L.Ed. 764. See Board of Com'rs of Lake County Colo. v. Dudley, supra.

Stated in another way, the phrase "not made by any corporation" is restrictive of the applicability of the assignee clause to subsequent holders of bearer choses in action, and not restrictive of the applicability of the assignee clause to assignees of other forms of choses in action. Newgass v. New Orleans, C.C.La., 1888, 33 F. 196. Skinner v. Barr, C.C.Pa., 1896, 77 F. 816. State Nat. Bank v. Eureka Springs Water Co., C.C.Ark., 1909, 174 F. 827, 829.

■ It is axiomatic that in the Federal Court, which is one of limited jurisdiction, lack of jurisdiction may be raised at any time, even on the court's own motion.

■ Therefore in the present case, since this is a suit on a domestic chose in action by an assignee, and even though made by a corporation (since it is not a bearer instrument), the court has no jurisdiction if the original assignor could not have maintained the suit in this court. The original assignor appears, and is alleged, to be a resident citizen of Alabama, as is one of the defendants. These facts being admitted, the action should be dismissed for want of jurisdiction through the effect of the assignee clause of Section 41(1) of Title 28, U.S.C., 28 U.S.C.A. § 41(1), and a failure of the requisite diversity of citizenship on which the suit is based.

An order, consistent with this opinion, will be entered.