## ACKLEY SCHOOL DISTRICT *v.* HALL.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF IOWA.

Argued December 2, 3, 1884.—Decided January 19, 1885.

A municipal bond, issued under the authority of law, for the payment, at all events, to a named person or order, a fixed sum of money, at a designated time therein limited, being indorsed in blank, is a negotiable security within the law merchant.

Its negotiability is not affected by a provision of the statute under which it was issued, that it should be "payable at the pleasure of the district at any time before due."

Consistently with the act of March 3, 1875, determining the jurisdiction of the Circuit Courts of the United States, the holder may sue thereon without reference to the citizenship of any prior holder, and unaffected by the circumstance that the municipality may be entitled to make a defence, based upon equities between the original parties.

An act of the Legislature of Iowa entitled "An Act to authorize independent school districts to borrow money and issue bonds therefor, for the purpose of erecting and completing school houses, legalizing bonds heretofore issued, and making school orders draw six per cent. interest in certain cases," is not in violation of the provision in the Constitution of that State, which declares that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title."

This was a suit to recover principal and interest claimed to be due the defendant in error, on negotiable bonds issued by the plaintiff in error.

By an act of the General Assembly of the State of Iowa, approved April 6, 1868, it was provided that independent school districts should have power and authority to borrow money for the purpose of erecting and completing school-houses, "by

issuing negotiable bonds of the independent district to run any period not exceeding ten years, drawing a rate of interest not exceeding ten per centum, which interest may be paid semi-annually; which indebtedness should be binding and obligatory on the independent school district for the use of which said loan shall have been made." The act prescribed the mode in which the school board should submit to the voters of the district the question of issuing bonds, and declared that "if a majority of the votes cast on that question be in favor of such loan, then said school board shall issue bonds to the amount voted, . . . due not more than ten years after date, and payable at the pleasure of the district at any time before due, which said bonds shall be given in the name of the independent district issuing them, and shall be signed by the president of the board and delivered to the treasurer, taking his receipt therefor, who shall negotiate said bonds at not less than their par value, and countersign the same when negotiated."

With those statutes in force there were issued in the name of the plaintiff in error, certain instruments in the following form:

"No. 1.                                                    $500.00.

Independent School District, Ackley, Hardin County, Iowa.

The Independent School district of Ackley, Hardin County, Iowa, promises to pay to Foster Brothers, or order, at the Hardin County Bank, at Eldora, Iowa, on the 1st day of May, 1872, five hundred dollars for value received, with interest at the rate of ten per cent. per annum, said interest payable semi-annually, on the 1st day of May and November in each year thereafter, at the Hardin County Bank, at Eldora, on the presentation and surrender of the interest coupons hereto attached.

This bond is issued by the board of school directors by authority of an election of the voters of said school district, held on the 23d day of August, 1869, in conformity with the provisions of chapter 98, acts 12 General Assembly of the State of Iowa.

In testimony whereof the said Independent School District, by the board of directors thereof, have caused the same to be

signed by the president and secretary, this 1st day of November, 1869.

(Signed)        W. H. ROBERTS,

*President of the Board of Directors.*

S. S. LOCKWOOD,

*Secretary of the Board of Directors.*

Countersigned :

   F. EGGERT, *Treasurer School District.*"

To each was attached coupons in the following form :

" Treasurer of Independent School District, Ackley, Hardin County, Iowa, will pay the holder hereof, on the 1st day of November, 1874, at the Hardin County Bank, at Eldora, Iowa, twenty-five dollars, for interest due on school-house bond No. 8.

(Signed)       W. H. ROBERTS, *President.*

S. S. LOCKWOOD, *Secretary.*"

The defendant in error became the holder of eight of these obligations, with interest coupons attached, each one being indorsed in blank by Foster Brothers, the original payees. This suit was brought by him as plaintiff below to recover the amount due thereon. He averred himself to be a citizen of New York; but there was no averment in the pleadings as to the citizenship of the payee. The district made defence upon various grounds. The case was tried by the court without the intervention of a jury, and there was a general finding for the plaintiff, upon which a judgment was entered against the district. To that finding and judgment the defendant excepted (but without preserving, by bill of exceptions, the evidence upon which the court acted), and brought this writ of error.

*Mr. Galusha Parsons* (*Mr. John F. Duncombe* was with him) for plaintiff in error.—The decision of this case will depend upon whether these instruments are " promissory notes, negotiable by the law merchant," within the meaning of the act of March 3, 1875, § 1, 18 Stat. 470, regulating the jurisdic-

tion of Circuit Courts of the United States. As these instruments were issued under authority derived from a State statute, we assume that the court will follow the decisions of the State courts in construing them. The Code of Iowa makes the use of seals no longer necessary, but it continues the distinction between "bonds" and "notes" "negotiable by indorsement or delivery" "according to the custom of merchants;" and it provides that "bonds are assignable by indorsement," "subject to any defence the maker may have against the assignee." It would involve a reconstruction of the records of the Iowa courts, and the language of the legal profession of that State, to describe instruments in this form, issued by school districts or other municipal corporations in that State as promissory notes, and it would require a very considerable revision of the judicial law of the State to subject them to the rules, and to extend to their transfer the incidents, to give to their holders the rights, and to impose upon them the obligations, of the holders of promissory notes negotiable by the law merchant. This statute was before the Supreme Court of Iowa in *McPherson* v. *Foster*, 43 Iowa, 48; *Mosher* v. *Independent School District of Ackley*, 44 Iowa, 122. In the first of them there was an extended review of the authorities. And see *Clark* v. *Des Moines*, 19 Iowa, 199; *Chamberlain* v. *Burlington*, 19 Iowa, 395.

*Mr. C. C. Nourse* and *Mr. B. F. Kauffman* for defendant in error.

Mr. Justice Harlan delivered the opinion of the court. He recited the facts as above stated, and continued:

The jurisdiction of the court below is questioned upon the ground that the bonds in suit are not promissory notes negotiable by the law merchant, within the meaning of the first section of the act of March 3, 1875, determining the jurisdiction of the Circuit Courts of the United States; and, consequently, that the court could not take cognizance of the case unless it appeared, affirmatively, that a suit could have been brought thereon by the original payees, Foster Brothers, had they not

parted with the bonds.   In this proposition we do not concur.. The recital, on their face, that they were issued on the authority of a popular election, held in conformity with a local statute, does not take from them the qualities and incidents of commercial securities.   Indeed, the statute evidently contemplated that the bonds issued under its provisions should be negotiable instruments that would do the work of money in financial circles.   They are described as "negotiable bonds," to be used for the purpose of borrowing money to be applied in the erection and completion of school-houses for the district. Its treasurer was directed to negotiate them at not less than their par value, and purchasers were assured by the statute that the indebtedness so incurred "shall be binding and obligatory on the independent school district, for the use of which said loan shall have been made."   And this special enactment is in accord with the general law of Iowa; for, by the code of that State, "notes in writing, made and signed by any person, promising to pay to another person or his order or bearer, or to bearer only, any sum of money, are negotiable by indorsement or delivery in the same manner as inland bills of exchange, according to the custom of merchants;" while the transfer of "bonds, bills, and all instruments in writing, by which the maker promises to pay to another, without words of negotiability, a sum of money," is declared to be subject to any defence or counterclaim which the maker or debtor had against any assignor thereof before notice of assignment; thus, showing that, equally in respect of negotiable promissory notes and negotiable bonds, the rights of the parties are determinable by the law merchant.   Iowa Code of 1873, §§ 2082, 2083, 2084.

These instruments, although described in the Iowa statute as bonds, have every characteristic of negotiable promissory notes.   They are promises in writing to pay, at all events, a fixed sum of money, at a designated time therein limited, to named persons or their order.   Upon being indorsed in blank by the original payees, the title passes by mere delivery, precisely as it would had they been made payable to a named person or bearer.   After such indorsement, the obligation to

pay is to the holder. The decisions of this court are numerous to the effect that municipal bonds, in the customary form, payable to bearer, are commercial securities, possessing the same qualities and incidents that belong to what are, strictly, promissory notes negotiable by the law merchant. There is no reason why such bonds, issued under the authority of law, and made payable to a named person, or order, should not, after being indorsed in blank, be treated by the courts as having like qualities and incidents. That they are so regarded by the commercial world cannot be doubted. *Manufacturing Co.* v. *Bradley*, 106 U. S. 180.

But it is contended that the word "negotiable," in the Iowa statute, is qualified by that clause, in the same enactment, which provides that bonds issued under it shall be "payable at the pleasure of the district at any time before due." These words were not incorporated into the bond. But if the holder took, subject to that provision, as we think he did, it is clear that this option of the district to discharge the debt, in advance of its maturity, did not affect the complete negotiability of the bonds; for by their terms, they were payable at a time which must certainly arrive; the holder could not exact payment before the day fixed in the bonds; the debtor incurred no legal liability for non-payment until that day passed. The authorities bearing upon this question are cited in Byles on Bills, Sharswood's Ed., chap. 7; 1 Daniel Negotiable Instruments, § 43, *et seq.*; Chitty on Bills, 525, *et seq.*

In *School District* v. *Stone*, 106 U. S. 183, it was held, in reference to similar bonds issued by another independent school district, in the same county, that their recitals were not sufficiently comprehensive to cut off a defence resting upon the ground that the bonds there in suit were in excess of the amount limited by the State Constitution, and consequently invalid. Applying that decision to the present case, counsel for the district insist that, as these bonds may be open to such a defence as was made in *School District* v. *Stone*, they cannot be deemed negotiable by the law merchant; in other words, that the negotiability of the instrument ceases, whenever the maker is permitted, as against a *bona fide* holder for value, to establish a

defence based upon equities between the original parties. But such is not the test prescribed by the statute defining the jurisdiction of the Circuit Courts of the United States. If a promissory note is expressed in words of negotiability, the right of the holder of the legal title to invoke the jurisdiction of the proper Circuit Court of the United States is not affected by the citizenship of any prior holder, or by the circumstance that the party sued asserts, or is able to make out, a valid defence to the action.

The assignments of error present another question that deserves consideration. The Constitution of Iowa provides that "every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title." The title of the statute under which those bonds were issued is "An Act to authorize independent school districts to borrow money and issue bonds therefor, for the purpose of erecting and completing school-houses, legalizing bonds heretofore issued, and making school orders draw six per cent. interest in certain cases." The act contains six sections, the fourth providing that "all school orders shall draw six per cent. interest after having been presented to the treasurer of the district, and not paid for want of funds, which fact shall be indorsed upon the order by the treasurer." As there are two kinds of school districts in Iowa, "district township" and "independent district,"—the latter carved out of the former—it is contended that the title to the act in question embraces two subjects; one, relating to matters in which independent school districts alone are concerned; and the other, to matters in which the township district and independent districts are concerned; that whether school orders, which may be issued for many purposes, by districts of either kind, should bear interest or not is wholly foreign to the borrowing of money to build school-houses in independent districts. Iowa Code of 1873, ch. 9, title 12.

We are not referred to any adjudication by the Supreme Court of Iowa which sustains the point here made. On the

contrary, the principles announced in *State* v. *The County Judge*, 2 Iowa, 281, show that the act before us is not liable to the objection that its title embraces more than one subject. The object of the constitutional provision, that court said, was "to prevent the union in the same act of incongruous matter, and of objects having no connection, no relation," and "to prevent surprise in legislation, by having matter of one nature embraced in a bill whose title expressed another;" but, that, "it cannot be held with reason that each thought or step towards the accomplishment of an end or object should be embodied in a separate act;" that "the unity of object is to be looked for in the ultimate end, and not in the details or steps leading to the end;" and that "so long as they are of the same nature, and come legitimately under one general denomination or object," the act is constitutional. The doctrines of that case have been approved by the same court in subsequent decisions, and they are decisive against the point here raised. *Morford* v. *Unger*, 8 Iowa, 83; *Davis* v. *Woolnough*, 9 Iowa, 104; *McAunich* v. *The Mississippi & Missouri Railroad Co.*, 20 Iowa, 342; *Farmer's Ins. Co.* v. *Highsmith*, 44 Iowa, 334. The general subject to which this special act relates is the system of common schools. That system is maintained through the instrumentality of district schools of different kinds. Provisions in respect of those instrumentalities—those referring to the erection and completion of school-houses in independent school districts with money raised upon negotiable bonds, and others, to the rate of interest which all school orders shall bear—relate to the same general object, and are only steps towards its accomplishment. See also *Montclair* v. *Ramsdell*, 107 U. S. 153, where this subject was considered.

Other questions have been discussed by the counsel, but as they are not deemed important in the determination of the case they will not be specially noticed.

*Judgment affirmed.*