## WILSON *v.* KNOX COUNTY.

*(Circuit Court, N. D. Missouri, E. D.*  September 25, 1890.)

**FEDERAL COURTS—JURISDICTION—ASSIGNMENT OF CHOSE IN ACTION.**

By Act Cong. March 3, 1887, providing that no circuit or district court of the United States shall have cognizance of any suit except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made, it was intended to prohibit suits in the federal court by assignees of choses in actions, unless the original assignor was entitled to maintain the suit, in all cases except suits on foreign bills of exchange, and except suits on promissory notes made payable to bearer, and executed by a corporation.

At Law.  Action on promissory notes.

This was a suit against Knox county, Mo., on certain county warrants aggregating $7,000, which were of the following form, omitting the dates, names of payees, amounts, etc.

"STATE OF MISSOURI.

"$———.                             EDINA, ———, 188–.

"*Treasurer of Knox County:* Pay to ——— ——— dollars out of any money in the treasury appropriated for ——— fund.  Given at the court-house the date above written, by order of the county court.

"Attest: ———, Clerk.                         ———, Presiding Judge."

The warrants were originally issued to a citizen of the state of Missouri, who assigned them to the plaintiff, a citizen of Illinois.  The assignments are as follows:

"For value received, ——— assign the within warrant to ———, this ——— day of ———, 18—."

Both the warrants and the assignments thereon are in the form prescribed by the laws of the state of Missouri for drawing and assigning such instruments.

*W. C. Hallister* and *F. H. McCullough,* for plaintiff.

*James Carr,* for defendant.

Before MILLER, Justice, and CALDWELL, J.

MILLER, Justice.  This case is pending in the northern division of this district, but by stipulation of counsel has been argued before us in the eastern division of the district.

The question that arises on the demurrer to the plea of the jurisdiction is whether the assignee of the warrants can maintain a suit thereon in this court, under the judiciary act of March 3, 1887, although the original holder was incapacitated from maintaining such a suit.  The clause of the act under which the question arises is as follows:

"Nor shall any circuit or district court have cognizance of any suit except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

The contention for the plaintiff is that the court has jurisdiction of the suit at bar, because the instruments sued upon are not "payable to bearer," and are "made by a corporation." This we think is an erroneous view of the law. Congress did not intend to give the federal courts jurisdiction of all suits by assignees of promissory notes and other choses in action, if the assigned choses were made by a corporation and were not payable to bearer. That construction would extend the jurisdiction of the federal courts, without any apparent reason, over a class of suits by assignees of choses in action, never before within their jurisdiction, whereas the main purpose of the act of 1887 seems to have been to curtail their jurisdiction. The general rule enunciated by the statute is that the federal courts shall not have jurisdiction of a suit by an assignee "of a promissory note or other chose in action," when the assignor could not maintain such a suit. The clause, "if such instrument be payable to bearer and be not made by any corporation," operates as an exception to the general rule, and gives the federal courts jurisdiction of those suits by assignees, where the action is founded on an obligation, made by a corporation, that is payable to bearer, and is negotiable by mere delivery. In the light of previous legislation on the subject, our view is that congress intended by the act of March 3, 1887, to prohibit suits in the federal court by assignees of choses in action, unless the original assignor was entitled to maintain the suit, in all cases except suits on foreign bills of exchange, and except suits on promissory notes made payable to bearer and executed by a corporation. Construed in this way, the act of 1887 operates to restrict to some extent the jurisdiction exercised under the act of March 3, 1875, which was probably the intention of the law-maker. The instruments sued upon in this instance, though executed by a *quasi* corporation, are not payable to bearer, and are not even negotiable instruments under the law merchant. It follows, therefore, that an assignee of the warrants in question has no greater right to sue in this court than the original payee, and the demurrer to the plea will be overruled.

The views we have expressed are also entertained in other circuits and districts. *Vide Newgass* v. *New Orleans*, 33 Fed. Rep. 196; *Rollins* v. *Chaffee Co.*, 34 Fed. Rep. 91.