# NEW ORLEANS *v.* QUINLAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF LOUISIANA.

No. 343.   Submitted December 19, 1898. — Decided February 27, 1899.

The Circuit Court of the United States for the Eastern District of Louisiana has jurisdiction of a suit brought in it by a citizen of New York to recover from the city of New Orleans on a number of certificates, payable to bearer, made by the city, although the petition contains no averment that the suit could have been maintained by the assignors of the claims or certificates sued upon.

*Newgass* v. *New Orleans*, 33 Fed. Rep. 196, approved in holding that "A Circuit Court shall have no jurisdiction for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees except over, (1) suits upon foreign bills of exchange; (2) suits that might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made; (3) suits upon choses in action payable to bearer, and made by a corporation."

THE case is stated in the opinion.

*Mr. Samuel L. Gilmore, Mr. W. B. Sommerville* and *Mr. Branch K. Miller* for plaintiff in error.

*Mr. Charles Louque* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action brought in the Circuit Court of the United States for the Eastern District of Louisiana by Mary Quinlan, a citizen of the State of New York, against the city of New Orleans, to recover on a number of certificates owned by her, made by the city, and payable to bearer. Defendant excepted to the jurisdiction because the petition contained no averment that the suit could have been maintained "by the assignors of the claims or certificates sued upon." The

Circuit Court overruled the exception, and the cause subsequently went to judgment.

By the eleventh section of the Judiciary Act of 1789, it was expressly provided that the Circuit Courts could not take cognizance of a suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange. The act of March 3, 1875, 18 Stat. 470, c. 137, provided: " Nor shall any Circuit or District Court have cognizance of any suit founded on contract in favor of an assignee, unless a suit might have been prosecuted in such court to recover thereon if no assignment had been made, except in cases of promissory notes negotiable by the law merchant and bills of exchange." The restriction was thus removed as to " promissory notes negotiable by the law merchant," and jurisdiction in such suits made to depend on the citizenship of the parties as in other cases. *Tredway* v. *Sanger*, 107 U. S. 323.

By the first section of the act of March 3, 1887, c. 373, 24 Stat. 552, as corrected by the act of August 13, 1888, c. 866, 25 Stat. 433, the provision was made to read as follows: " Nor shall any Circuit or District Court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made."

These certificates were payable to bearer and made by a corporation; they were transferable by delivery; they were not negotiable under the law merchant, but that was immaterial; they were payable to any person holding them in good faith, not by virtue of any assignment of the promisee, but by an original and direct promise, moving from the maker to the bearer. *Thompson* v. *Perrine*, 106 U. S. 589. They were, therefore, not subject to the restriction, and the Circuit Court

had jurisdiction. In *New Orleans* v. *Benjamin,* 153 U. S. 411, where the question was somewhat considered, the instruments sued on were not payable to bearer.

In *Newgass* v. *New Orleans,* 33 Fed. Rep. 196, District Judge Billings construed the provision thus: "The Circuit Court shall have no jurisdiction over suits for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees except over — *First,* suits upon foreign bills of exchange; *Second,* suits that might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made; *Third,* suits upon choses in action payable to bearer, and made by a corporation." This decision was rendered several months prior to the passage of the act of August 13, 1888, and has been followed by the Circuit Courts in many subsequent cases. The same conclusion was reached by Mr. Justice Miller in *Wilson* v. *Knox County,* 43 Fed. Rep. 481, and *Newgass* v. *New Orleans* was cited with approval. We think the construction obviously correct, and that the case before us was properly disposed of.

It is true that the act of March 3, 1887, was evidently intended to restrict the jurisdiction of the Circuit Courts, but the plain meaning of the provision cannot be disregarded because in this instance that intention may not have been carried out.

*Judgment affirmed.*