## THOMSON v. TOWN OF ELTON.

(Circuit Court, E. D. Wisconsin. February 23, 1900.)

JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—SUIT BY AS-SIGNEE.

> The holder of a municipal bond, payable to a person named or order, and indorsed in blank by the payee, can only maintain an action thereon in a federal court where the payee might have done so, such instrument not being within the exception in favor of assignees in the judiciary act of 1888 (25 Stat. 433).[1]

Action at Law. On demurrer to complaint for want of jurisdiction.

J. C. Kerwin, for plaintiff.

M. J. Wallrich, for defendant.

SEAMAN, District Judge. The cause of action set out in the complaint is a municipal bond, in terms payable to "Frances E. Babcock or order, at the National Bank of Neenah," which was subsequently indorsed by the payee in blank, and is thus held and owned by the plaintiff, through one Bergstrom, an intermediate holder. It is alleged that the plaintiff is a citizen of another state, and not of Wisconsin, but there is no allegation of the citizenship of the payee so named in the instrument or of Bergstrom, and it was conceded in the argument that the payee was in fact a citizen of Wisconsin. On this state of the pleading and of the fact, the question is whether the bond falls within the exception provided by the act of August 13, 1888 (25 Stat. 433). Under the interpretation approved and held in New Orleans v. Quinlan, 173 U. S. 191, 192, 19 Sup. Ct. 329, 43 L. Ed. 664, I am of opinion that it does not, and that this court is without jurisdiction of the suit. The contention on the part of the plaintiff is that, through the indorsement by the payee in blank to the prior holder, the bond came to the plaintiff as a negotiable instrument, payable to bearer, within the doctrine of School Dist. v. Hall, 113 U. S. 135, 5 Sup. Ct. 371, 28 L. Ed. 954; that it was thus, "in legal effect, payable to bearer when it became the property of the plaintiff," as remarked in Keene Five-Cent Sav. Bank v. Lyon Co. (C. C.) 90 Fed. 523, 529. Conceding this effect in transfers after the indorsement, it is nevertheless clear that the title of the plaintiff rests upon the payee's indorsement, and under the test prescribed by this statute, as construed by all the authorities, is not payable by virtue of "an original and direct promise moving from the maker to the bearer," but "by virtue of an assignment of the promise." So construed, the jurisdiction of this court depends upon the qualification of the payee, and no suit can be entertained in the instant case. The demurrer must be sustained, and the complaint dismissed for want of jurisdiction. Let judgment be entered accordingly, without costs and without prejudice.

---

[1] Diverse citizenship, as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249, and, supplementary thereto, note to Mason v. Dullagham, 27 C. C. A. 298.