STATE NAT. BANK OF DENISON v. EUREKA SPRINGS WATER
CO. et al.

(Circuit Court, W. D. Arkansas, Harrison Division.   November 5, 1909.)

1. COURTS (§ 312*)—FEDERAL COURTS—JURISDICTION—NOTES—INDORSEMENT.

Act Cong. 1888 (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 434 [U. S. Comp. St. 1901, p. 508]) declares that the federal courts shall not have cognizance of any suit, except on foreign bills of sale, to recover the contents of any note in favor of an assignee, if the instrument is payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the contents, if no assignment or transfer had been made. *Held* that, where there was no diversity of citizenship between the maker and payee of certain notes payable to the payee's order, suit could not be brought thereon by an indorsee, whose citizenship was diverse, in the federal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

2. COURTS (§ 312*) — FEDERAL COURTS — CAUSE OF ACTION — TRANSFER—NOTES PAYABLE TO BEARER.

Where a note between parties of the same citizenship is made by a corporation payable to bearer, a suit thereon brought by the holder of different citizenship than the maker against it is maintainable in the federal courts, since the paper passes by delivery and requires no assignment within Act Cong. Aug. 13, 1888, c. 866, § 1, 25 Stat. 434 (U. S. Comp. St. 1901, p. 508), regulating federal jurisdiction of suits on assigned claims.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 312.*]

3. COURTS (§ 314*)—JURISDICTION—FEDERAL QUESTION.

A federal question is not raised in a suit on a note by reason of the fact that the complainant is a national bank.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*

Jurisdiction of federal courts in cases involving federal questions, see notes to Bailey v. Mosher, 11 C. C. A. 308; Montana Ore-Purch. Co. v. Boston & M. C. C. & S. Min. Co., 35 C. C. A. 7.]

In Equity.   Action by the State National Bank of Denison against the Eureka Springs Water Company and others.   On demurrer for want of jurisdiction.   Sustained.   Bill dismissed.

John T. Suggs, for complainant.
James & Fuller, for defendants.

ROGERS, District Judge.   The State National Bank of Denison, Tex., a corporation organized under the banking laws of the United States, and a citizen of Texas, as complainant brought this suit against the Eureka Springs Water Company, a corporation organized under

the laws of Arkansas, W. M. Duncan, and C. C. McCarty, citizens of Arkansas, residing in the Harrison Division of the Western Judicial District. The material facts are these: The Eureka Springs Water Company executed its two several promissory notes, made payable to the order of W. M. Duncan, each for the sum of $5,000. Duncan, the payee, who was also the president of the water company, assigned the notes to the State National Bank of Denison, Tex., and obtained a loan thereon for the water company of $10,000, evidenced by the notes referred to. To secure that loan he delivered to the complainant 20 bonds of the Syndicate Company of Eureka Springs, Ark., secured by a certain mortgage of record in Carroll county, Ark., and later the Eureka Springs Water Company mortgaged its property to C. C. McCarty, as trustee, to secure its indebtedness, amounting to something like $100,000, including the notes assigned by Duncan to the complainant. The complainant brought suit on the equity side of this court, first, to recover judgment on the two notes against the water company and Duncan; second, to foreclose the bonds hypothecated with it as collateral security for the notes; third, by injunctive process to compel McCarty to sell the property in conformity with the terms of the deed of trust and distribute the proceeds pro rata among the creditors. To this bill the Eureka Springs Water Company and W. M. Duncan interposed a demurrer, general and special, which was heretofore argued and submitted and taken under advisement by the court.

By the latter part of the first section of the act of August 13, 1888 (25 Stat. 434, c. 866 [U. S. Comp. St. 1901, p. 508]), it is provided:

"Nor shall any Circuit or District Court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents, if no assignment or transfer had been made."

This provision of the statute was first construed, so far as investigation has disclosed, in the case of Newgass v. City of New Orleans (C. C.) 33 Fed. 196, in which the court said:

"The construction of the restriction may also be stated thus:

"The Circuit Court shall have no jurisdiction over suits for the recovery of the contents of promissory notes or other choses in action brought in favor of assignees or transferees, except over: ·

"First. Suits upon foreign bills of exchange.

"Second. Suits that might have been prosecuted in such courts to recover said contents if no assignment or transfer had been made.

"Third. Suits upon choses in action payable to bearer and made by a corporation. It follows that in the first and second cases, since the obligations were of such a nature as to require assignment, and the assignor could not have maintained an action in this court before assignment, the plaintiff, the assignee, cannot."

In the case at bar both the maker and payee were citizens of Arkansas, and therefore this court could not acquire jurisdiction by reason of the diversity of citizenship as between the maker and payee. The notes themselves were made payable to the order of Duncan, and could not pass to the complainant in this suit except by indorsement; but the statute, as has been seen, provides that, unless Duncan could have orig-

inally maintained the suit in the Circuit Court of the United States upon the notes sued on, his assignee could not do so. This case has been followed by an unbroken line of decisions, among which are the following cases: Wilson v. Knox County (C. C.) 43 Fed. 481; New Orleans v. Quinlan, 173 U. S. 191, 19 Sup. Ct. 329, 43 L. Ed. 664; Quinlan v. City of New Orleans (C. C.) 92 Fed. 695; Skinner v. Barr (C. C.) 77 Fed. 816. The restriction in this section, as amended in the text, applicable to original suits in the Circuit Court by indorsees and assignees, is alike applicable to cases brought originally in the state courts and attempted to be removed to the federal court. Mexican Nat. R. Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672. The rule is different where the paper is made by a corporation payable to bearer, because in that event the paper passed by delivery, and requires no assignment. In the case at bar, however, as stated, the notes sued on are made payable to the order of Duncan, as affirmatively appears by the allegations of the bill. This court, therefore, is clearly without jurisdiction to entertain cognizance of a suit based upon the notes in controversy; and, if the notes on which this suit is based be eliminated, all the equities sought to be enforced fall with them. Nor is there any federal question raised by reason of the fact that the complainant is organized under the national banking laws. Wichita National Bank of Wichita et al. v. Smith, 72 Fed. 568, 19 C. C. A. 42.

The court, therefore, is without jurisdiction in this case, and the demurrer thereto must be sustained, and the bill dismissed without prejudice.