## HOUCK et ux. v. BANK OF BRINKLEY.

(Circuit Court of Appeals, Eighth Circuit. May 31, 1917.)

### No. 4540.

1. COURTS ⟨⟩322(1) — FEDERAL COURTS — JURISDICTION — ALLEGATIONS OF PLEADINGS.

Judicial Code (Act March 3, 1911, c. 231) § 24, 36 Stat. 1091 (Comp. St. 1916, § 991) provides that no District Court shall have cognizance of any suit on any promissory note or other chose in action in favor of any assignee or subsequent holder, if the instrument be payable to bearer, unless such suit might have been prosecuted in such court if no assignment had been made. A petition, in an action by an Arkansas corporation against citizens of Missouri alleged that defendants made their note to the order of themselves, a copy of which note was attached, and showed that the note was payable at the office of a trust company at St. Louis, Mo., and that they afterwards indorsed it in blank and delivered it to such trust company, which afterwards and before maturity sold it in the usual course of business to plaintiff. Held, that as the trust company was apparently a Missouri corporation or association, and as there was no averment that it could have brought suit in the federal court, the petition failed to show that the federal court had jurisdiction, since, under Rev. St. Mo. 1909, §§ 10001, 10002, 10004, the note was not an obligation of the makers until delivered to the trust company, and was then payable to bearer.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 876, 877, 879.]

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. COURTS ⪪280—FEDERAL COURT—JURISDICTION—DISMISSAL ON COURT'S OWN MOTION.

As the petition failed to show that the federal court had jurisdiction, the suit should have been dismissed by the District Court upon its own motion for want of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action by the Bank of Brinkley against Louis Houck and wife. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

Oscar A. Knehans, of Cape Girardeau, Mo., for plaintiffs in error.

Allen Laws Oliver, of Cape Girardeau, Mo. (Robert Burett Oliver and Robert Burett Oliver, Jr., both of Cape Girardeau, Mo., on the brief), for defendant in error.

Before HOOK and SMITH, Circuit Judges, and REED, District Judge.

REED, District Judge. This action was commenced originally in the United States District Court for the Eastern District of Missouri by the Bank of Brinkley, an Arkansas corporation, which will be called the plaintiff, against the defendants Louis Houck and Mary H. G. Houck, his wife, citizens and residents of Missouri, upon a promissory note which reads in this way:

"$5,000.00.                     St. Louis, Missouri, May 1st, 1914.

"Six months after date, for value received, I, we, or either of us, promise to pay to the order of ourselves five thousand and no/100 dollars at the office of Bankers' Trust Company of St. Louis, at St. Louis, Mo., with interest from date at the rate of 8 per cent. per annum until paid. Interest payable annually. Defaulting interest to bear same rate of interest as principal. The makers, sureties, indorsers and guarantors of this note hereby severally waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, and diligence in bringing suit against any party thereto, and consent that the time of payment may be extended without notice thereof, and further agree that, in case payment of this note shall not be made at maturity and the same is placed in the hands of an attorney for collection, they will pay the costs of collecting this note, including an attorney's fee of 10 per cent. of the principal and interest thereof remaining unpaid.

"Louis Houck.
"Mary H. G. Houck."

Indorsed on the back of the note is the following: "Louis Houck. M. H. G. Houck."

The note was not paid at maturity, and shortly thereafter the bank had some negotiations with the makers looking to the payment of a part thereof, and an extension of time upon the balance, which were not consummated. The note was then placed in the hands of an attorney for collection, who on March 9, 1915, commenced suit against the defendants to recover the amount of such note and an attorney's fee of 10 per cent. on the amount thereof. One of the plaintiff's attorneys testified upon the trial that:

⪪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The note herein sued upon was sent to us for collection. Before filing suit, we took up the matter of collecting this note with Mr. Houck, one of the defendants, and requested that it be paid. Mr. Houck did not pay it, and he was notified that, unless it was paid, suit would be instituted. Mr. Houck offered to make arrangements to pay a part of the note, and offered to secure the balance, but would not pay the 10 per cent. attorney fee. He never made a legal tender of the money for the principal sum of this note, or any part of it, nor for the principal sum and the attorney's commission of 10 per cent. for collection. The firm of Oliver & Oliver had a conference with Mr. Giboney Houck, son of the defendants, in our office, before the institution of this suit. I finally concluded that the defendants would not pay the note, and this suit was instituted. The note was not paid at maturity, and the law firm of Oliver & Oliver had considerable correspondence with the defendants with reference to the said note. In all we spent several days' time in attempting to collect this note before bringing suit."

This is all of the testimony in the record. Thereupon, a jury having been waived, the court entered judgment in favor of the Bank of Brinkley against defendants for the principal sum of the note and interest, amounting to $5,347.77, and for 10 per cent. attorney's fees, amounting to $534.77, making a total of $5,882.84, to which judgment the defendants excepted, and prosecute this writ of error to reverse the same.

The only controversy between the parties is as to the attorney's fee. The defendants maintain that the stipulation in the note to pay 10 per cent. attorney's fee is in the nature of a penalty, only to cover the reasonable cost of an attorney's fee for the collection of the note, of which cost there is no evidence, and therefore the judgment for the attorney's fee is unauthorized, and cite Mechanics' American National Bank v. Coleman, 204 Fed. 24, 122 C. C. A. 338, in support of their contention. In that case this court held, upon full consideration and citation of authorities, that under the Missouri statute:

"A provision in a note, that if it is not paid when due, and is placed in the hands of an attorney for collection, the maker will pay the holder 10 per cent. additional on the principal and interest due as an attorney's fee, is in the nature of a penalty and will not be enforced, except to provide indemnity to the holder," and "in general, no allowance will be made for attorney's fees in an action on a note" containing a provision for such fees, "in the absence of evidence as to the value of the attorney's services."

Whether or not that rule should be followed in this case we need not now determine, for, aside from this, there is an insuperable obstacle to sustaining this judgment. The action, as before stated, was originally brought in the court below by the Bank of Brinkley, an Arkansas banking corporation, upon this note. That note is one payable to bearer upon its indorsement by the payees as makers, and negotiated by them, and the title thereto passed by delivery to the Bank of Brinkley as shown at page 5 of the record.

The Negotiable Instruments Law is in force in Missouri. Revised Statutes of Missouri 1909, c. 86. Section 10001 provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer it is negotiated by delivery; if payable to order it is negotiated by the indorsement of the holder completed by delivery."

Section 10002:

"The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement."

Section 10004:

"An indorsement may be either special or in blank; and may also be either restrictive or qualified, or conditional. A special indorsement specifies the person to whom or to whose order the instrument is to be payable; and the indorsement of such indorsee is necessary to the further negotiation of the instrument. An indorsement in blank specifies no indorsee, and an instrument so indorsed is payable to bearer, and may be negotiated by delivery."

The note in suit is made by the defendants Houck to the order of themselves. Upon the back thereof they have written their names, which is an indorsement in blank, and is payable to bearer upon its negotiation by the makers.

Section 24 of the Judicial Code, defining the original jurisdiction of the District Courts of the United States, provides:

"The District Courts shall have original jurisdiction as follows:

"First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * (b) is between citizens of different states. * * * No District Court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made. * * *"

The note in suit would therefore be payable to bearer under the commercial law, or the law merchant, and is so payable under the Negotiable Instrument Law in force in Missouri.

The plaintiff alleges in the petition that by their promissory note, dated St. Louis, Mo., May 1, 1914, defendants promised and agreed for value received, to pay themselves, six months after the date of said note the sum of $5,000, a copy of which note is attached and marked Exhibit A. Plaintiff further states that afterwards defendants Louis Houck and Mary H. G. Houck severally indorsed said note in blank, by signing their names on the back thereof, and delivered the same to the Bankers' Trust Company, which afterwards and before maturity sold and delivered the same for value and in the usual course of business to plaintiff.

In Kolze v. Hoadley, 200 U. S. 76, 82, 26. Sup. Ct. 220, 222, 50 L. Ed. 377, the Supreme Court, in construing this clause of section 24 of the Judicial Code above set out, said:

"The decisions of this court have settled the following propositions: (1) That a suit to recover the contents of a promissory note or other chose in action is a suit to recover the amount due upon such note, or the amount claimed to be due upon an account, personal contract, or other chose in action. * * * (3) That the bill or other pleading must contain an averment showing that the suit could have been maintained by the assignor if no assignment had been made."

[1, 2] The note in question is payable to the order of the makers thereof, and is not a liability of such makers until it is negotiated or transferred by them. The petition alleges that it was first indorsed by the defendants in blank, and delivered to the Bankers' Trust Company, which afterwards and before maturity sold and delivered the same in the usual course of business to the plaintiff. The instrument in suit is made payable upon its face at the office of the Bankers' Trust Company at St. Louis, Mo. From this it appears to be a corporation or association of Missouri, which could not maintain an action thereon in the federal court against the defendants as makers who are citizens of Missouri. The instrument, therefore, only became an obligation of the makers when it was indorsed by them and put in circulation, and in this manner, under the allegations of the petition, came to the plaintiff, Bank of Brinkley, and as there is no averment in the petition that the Bankers' Trust Company of St. Louis could have brought suit thereon in the federal court, the petition fails to show that the United States District Court for the Eastern District of Missouri had any jurisdiction of this controversy. It follows that the suit should have been dismissed by the District Court upon its own motion for want of jurisdiction. Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 Sup. Ct. 510, 28 L. Ed. 462; Morris v. Gilmer, 129 U. S. 315, 325, 9 Sup. Ct. 289, 32 L. Ed. 690; Crehore v. Ohio, etc., Ry. Co., 131 U. S. 240, 9 Sup. Ct. 692, 33 L. Ed. 144; Swift v. Hoover, 242 U. S. 107, 37 Sup. Ct. 57, 61 L. Ed. 175.

In New Orleans v. Quinlan, 173 U. S. 191, 193, 19 Sup. Ct. 329, 43 L. Ed. 664, the certificates sued upon were made by the defendant city, a corporation, and the Circuit Court therefore had jurisdiction because of that fact.

The judgment of the District Court is reversed, at the cost of the defendant in error, Bank of Brinkley, and the cause remanded to that court, with directions to dismiss the suit without prejudice and at plaintiff's costs of that court, for want of jurisdiction. Ordered accordingly.