## HOLLINGSWORTH v. MULTA TRINA DITCH CO. et al.

No. 322.

Circuit Court of Appeals, Tenth Circuit.
July 29, 1931.

L. E. Kenworthy, of Denver, Colo. (S. E. Naugle, of Denver, Colo., on the brief), for appellant.

Frank Delaney, of Glenwood Springs, Colo. (Will Shafroth, of Denver, Colo., on the brief), for appellees.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

Appellant's bill of complaint was dismissed on final hearing.

She named as defendants the Multa Trina Ditch Company, a Colorado corporation, and five individuals constituting the last board of directors of said corporation. She alleges that she is a citizen and resident of the state of California and all of the defendants are citizens and residents of the state of Colorado; that the corporate charter of said corporation expired and it became defunct on July 1, 1927, and under the Colorado statute (section 2295, Compiled Laws 1921) all of the property owned by said corporation thereupon passed to and vested in said individual defendants as trustees for its creditors and stockholders; that the capital stock of said corporation, all issued, was $50,000.00, divided into 50,000 shares each of the par value of $1.00; that its property consisted of water rights, ditches and laterals for irrigation,—for that purpose, they were worth in excess of the amount of its capital stock —; that plaintiff is the owner of 18,178 shares of said capital stock, evidenced by twelve named certificates theretofore issued to different persons, all of said certificates having been endorsed in blank by the parties to whom they were issued; that the individual defendants are also the owners of stock in said defunct corporation, and they deny the claims of plaintiff and her claimed right to participate in the distribution of the company's assets, and they refuse to give her a statement of the affairs of said defunct corporation or to advise her whether there are unpaid assessments against the stock she claims to own, and that she is ready and willing to pay any legitimate assessments against her stock and their purpose is to deprive her of all her rights as such stockholder. She asked to be adjudged the owner of said shares and that the individual defendant-trustees be decreed to convey to her her proportionate interest in the assets of said corporation after its debts, if any, have been paid, measured pro rata by stock ownership. It is observed that she does not claim that any shares were ever issued to her by the corporation.

When it came to the trial she showed that the twelve certificates for the shares she claimed to own, endorsed in blank by the several parties to whom they were issued, were seized and levied upon by the United States Marshal under execution issued in a case in which she had recovered a judgment against a third party, and sold by the Marshal in partial satisfaction of said judgment. She was the purchaser at execution sale.

Conceding, without deciding, that the procedure resulting in the execution sale complied with the provisions of section 13 of the Legislative Act of May 6, 1927 (Colorado

650

Sess. Laws 1927, p. 271), and transferred to plaintiff the legal title to the certificates and shares she claims as against her judgment debtor and all others that might claim an interest in them, still we are unable to see that plaintiff thereby became a stockholder in the Multa Trina Ditch Company so as to qualify her to maintain this suit in that capacity. That company was defunct. It did not exist and, of course, had no officers. Morawetz on Private Corporations (2d Ed.) states the rule on this subject (section 168) thus:

"The right of a shareholder to transfer his shares necessarily ceases upon a dissolution of the corporation; for, after a dissolution, the contract of membership is at an end, and no further novation is possible. The interest of a shareholder in the assets of a corporation after its dissolution is a purely equitable claim, and an assignment of this interest will be recognized only by a court having jurisdiction in equity."

The only right she has is that of the registered owners of said shares which she acquired by assignment at the execution sale. Glass v. Concordia Parish Police Jury, 176 U. S. 207, 20 S. Ct. 346, 44 L. Ed. 436. Those rights are choses in action, Morawetz, § 225,—made so by the Colorado Session Laws of 1927, p. 265 et seq., if not theretofore of that character. See Central Savings Bank v. Smith, 43 Colo. 90, 101, 95 P. 307. None of the certificates was issued to bearer. They had been assigned in blank by the persons to whom they had been issued, who, the proof tends to show, were citizens of Colorado. They could not have maintained this suit in the court below, and plaintiff, their assignee, could not. The Act of Congress (U. S. Code, title 28, § 41 [28 USCA § 41]) conferring jurisdiction on Federal district courts contains this restriction:

"No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made."

For construction of this restriction as applied to the facts here, see New Orleans v. Quinlan, 173 U. S. 191, 19 S. Ct. 329, 43 L. Ed. 664; Kolze v. Hoadley, 200 U. S. 76, 26 S. Ct. 220, 50 L. Ed. 377; State National

Bank v. Eureka Springs Water Co. (C. C.) 174 F. 827.

The decree appealed from contains this:

"And the court having heard the testimony produced herein and the arguments of counsel finds the issues herein joined to be with the defendants, and that the court hath no jurisdiction of this case."

This might be construed as a decision on the merits. To avoid that the excerpt will be modified to read thus:

And the court having heard the arguments of counsel finds that the court hath no jurisdiction of this case.

As so modified the order of dismissal is affirmed.