968

## GREEN v. CITY OF STUART.
### No. 7695.

Circuit Court of Appeals, Fifth Circuit.
Feb. 18, 1936.

Rehearing Denied March 6, 1936.

Carroll Dunscombe, of Stuart, Fla., for appellant.

A. O. Kanner, of Stuart, Fla., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The appellant sued the appellee, the city of Stuart, a Florida municipal corporation, to recover the balance, including interest, alleged to be due on three promissory notes, for $5,000 each, executed by appellee on May 19, 1926, and made payable to the order of Osceola Golf Club; appellant's amended declaration alleging "that the said notes were indorsed in blank by the payee, Osceola Golf Club, and assigned and delivered before maturity by the said Osceola Golf Club for value received to the plaintiff." The appellee set up as defenses: (1) That said notes were given for the balance of the purchase price of ten acres of land which appellee agreed to buy from the Osceola Golf Club for a ball park and athletic field, and that at the time of the execution of said agreement and said notes one Stanley Kitching was serving as one of the duly elected, qualified, and acting commissioners of appellee, and at the same time was a stockholder of said Osceola Golf Club, and that therefore said attempted sale of land was wholly null and void, and that the consideration thereof has wholly failed; (2) that the action of the appellee in entering into said agreement for the purchase of land for an athletic field and ball park was wholly illegal and void, in that said agreement was not for a municipal purpose and was wholly unauthorized, and that appellee did not have power, under its charter or the laws of the state of Florida, to make such agreement; (3) that the description of land contained in the deed of the Osceola Golf Club to appellee and in the mortgage of appellee to said Osceola Golf Club to secure the payment of the notes sued on was meaningless and void, and that said Osceola Golf Club never corrected said deed, and never made a proper conveyance to appellee, although often requested to do so. By way of replication to appellee's pleas, the appellant set up: That appellee's governing body, by resolution adopted on March 9, 1929, provided for the issue, under a described act of the Legislature of Florida, of bonds of the appellee in the amount of $198,000, and that said bonds or the proceeds from the sale thereof shall be used exclusively for the purpose of refunding of certain notes and obligations of appellee, aggregating the sum of $198,000, which are set out in a list or schedule attached to that resolution, and are ratified and declared to be valid obligations, the above-mentioned notes made by appellee to the Osceola Golf Club being included in that list or schedule; and that an act of the Legislature of Florida, approved April 26, 1929 (Sp.Acts Fla.1929, c. 14407), authorizing the issue by appellee of bonds in an amount not exceeding $210,000 for the purpose of liquidating the outstanding floating indebtedness of appellee, and validating said indebtedness, after referring to the description of such indebtedness contained in the above-mentioned resolution of appellee's governing body, expressly validated said indebtedness in all respects.

The appellee contended that it was without power under its charter to buy land for a ball park and athletic field, and in

support of its first above mentioned defense invoked the following provision of the charter: "Officers and employees of the city may hold more than one office in the City Government but shall not be interested in the profits or emoluments of any contract, work or service for the municipality, and any such contract in which any member is, or may become interested, shall be declared void by the Commission."

In the trial there was evidence to the following effect: When the above-mentioned resolution of appellee's governing body of March 9, 1929, was adopted, whereby the notes sued on were ratified, Stanley Kitching was not a member of appellee's governing body. When the Osceola Golf Club made the above-mentioned sale, possession of the land which was the subject of that sale was delivered to appellee, which retained possession of that land. The description of the land contained in Osceola Golf Club's deed to appellee was furnished by appellee's engineer. Upon the conclusion of the evidence, appellee moved for a directed verdict in its favor, on grounds including the following: That there was an attempt to validate or ratify a contract prohibited by law; that there was an attempt to carry out an act not authorized for a municipal purpose; that there was no proof contradicting or disproving appellee's defense based on the indefiniteness of the conveyance of the Osceola Golf Club to appellee. In granting that motion, the court, after mentioning the fact that, when appellee paid to the Osceola Golf Club part of the purchase price of the land, Mr. Kitching was a commissioner of appellee and was also a stockholder and interested in the Osceola Golf Club, stated: "We must apply the law of Florida, which is the law governing this case in reference to the validity and indemnity of the contracts of a City, and prevent City Officials from dealing with the City in matters in which they are interested, and I shall direct a verdict for the defendant in this case under the law."

It appears that the action of the court in directing a verdict in favor of the appellee was the result of the conclusion that the notes sued on were void and unenforceable, because, when appellee entered into the transaction of which the giving of those notes was a part, one member of the governing body of the appellee was a member of the club which was the payee in those notes, and as such member had a financial interest in that transaction.

■ The failure of the court, in stating the ground of its ruling, to mention what was done to the end of validating the notes sued on, indicates that the court regarded as ineffectual the attempts of appellee's governing body and of the Legislature of Florida to validate those notes. The part of the above set out provision of appellee's charter to the effect that any contract of the appellee in which any member of its governing body is, or may become, interested shall be declared void by the commission does not indicate a purpose to deprive the appellee of the power, at a time when no member of its governing body is interested in a contract theretofore attempted to be made by the appellee when one member of its governing body was interested in that contract, to ratify that contract, which, when it was entered into, was void or voidable by reason of a member of appellee's governing body being interested in it. So far as we are advised, when appellee's governing body adopted the above resolution of March 9, 1929, ratifying the notes sued on, after Stanley Kitching had ceased to be a member of appellee's governing body, no legal obstacle stood in the way of that action. In the absence of a statute forbidding such municipal action, it was within the power of appellee's governing body to ratify the notes sued on in the manner adopted. Cady v. City of Watertown, 18 Wis. 322; City of Fort Wayne v. Railway Co., 132 Ind. 558, 32 N.E. 215, 18 L.R.A. 367, 32 Am.St.Rep. 277, 282; 3 McQuillan on Municipal Corporations, § 1257. So far as we are advised, nothing stood in the way of the Legislature of Florida validating the notes sued on. Any lack of power of appellee to bind itself by those notes when they were executed was cured by the above-mentioned act of the Florida Legislature. Anderson v. Santa Anna Tp., 116 U.S. 356, 364, 6 S.Ct. 413, 29 L.Ed. 633; White Water Valley Canal Co. v. Vallette, 21 How. 414, 16 L.Ed. 154. The court erred in ruling that the notes sued on are invalid.

■ In the circumstances disclosed, the alleged insufficiency of the description in the Osceola Golf Club's deed to appellee of the subject of the conveyance did not constitute a defense to appellant's action. It appears that appellee got the land it intended to buy. A misdescription of the land in

the seller's deed entitled appellee to have that instrument so reformed as correctly to describe that land. 23 R.C.L. 335. But the insufficiency of the deed's description of that land did not entitle appellee to keep that land and be exempt from the obligation to pay the agreed price of it.

The judgment is reversed.