## CITY OF STUART v. GREEN.
### No. 8437.

Circuit Court of Appeals, Fifth Circuit.
July 15, 1937.

Rehearing Denied Aug. 13, 1937.

On Second Rehearing Sept. 11, 1937.

Edward J. Smith, Jr., of Stuart, Fla., and Robt. R. Milam, of Jacksonville, Fla., for appellant.

Carroll Dunscombe, of Stuart, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

George W. Green, a citizen of Pennsylvania, sued the City of Stuart, a municipal corporation of the State of Florida, in the

United States District Court for Southern Florida, upon three promissory notes for $5,000 each, and obtained judgment for the aggregate amount due thereon, with interest and attorney's fees. Diversity of citizenship is relied on as the sole ground of federal jurisdiction. It is the second appearance of the case in this court. Green v. City of Stuart, 81 F.(2d) 968.

No question of jurisdiction was raised or decided on the former appeal, but, upon remand of the case to the district court, its jurisdiction was challenged by the city upon the ground that Green was not the original payee but held the notes as assignee of the Osceola Golf Club, a corporation organized under the laws of Florida, which could not have prosecuted· the suit in the federal court if no assignment had been made.

 It is contended that the question of jurisdiction was foreclosed by the decision of this court on the former appeal, but, as the question was not raised by any of the parties or decided by the court, we know of no principle in the doctrine of estoppel or the doctrine of the law of the case which relieves us of the duty of considering and determining whether the cause was properly brought in the federal court. The objection is one which cannot be waived, and may be raised by the parties at any time or considered by the court on its own motion. Utah-Nevada Co. v. De Lamar (C.C.A.) 133 F. 113.

Coming to the jurisdictional plea on the merits, we find it to be well taken. The notes sued on were issued to a Florida corporation and by it subsequently assigned for a valuable consideration to a citizen of Pennsylvania, the appellant here. The federal assignment statute provides that: "No district court shall have cognizance of any suit (except upon foreign bills of exchange) to recover upon any promissory note or other chose in action in favor of any assignee, or of any subsequent holder if such instrument be payable to bearer and be not made by any corporation, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment had been made." Act of March 3, 1911, c. 231, § 24(1), 36 Stat. 1091, 28 U.S.C.A. § 41(1).

The prototype of the present statute, ·enacted in 1789, and two subsequent amendments to it, will be found in 133 F. 113, 119, the language varying as the intent of Congress was to enlarge or contract the jurisdiction of the federal courts. First, the only exception was in cases of foreign bills of exchange (1789, 1 Stat. 78) ; second, the exception covered promissory notes negotiable by the law merchant and bills·of exchange (1875, 18 Stat. 470) ; third, the exception contracted the jurisdiction and is in ,substantially the form of the present statute (1887-1888, 25 Stat. 433 [see 28 U.S. C.A. § 41(1)]).

The meaning of the act now in force is expressed with precision and has been expounded and adjudicated in a number of controlling decisions. To rearrange the language of the statute may not improve the text but will present its meaning from a different angle. The intent of the act may be expressed in the following form:

Excepting suits based upon foreign bills of exchange or upon instruments payable to bearer and made by a corporation, no District Court shall have cognizance of any suit to recover upon any promissory note or other chose in action in favor of any assignee or of any subsequent holder, unless such suit might have been prosecuted in such court to recover upon said note or other chose in action if no assignment or transfer had been made.

The court·below relied upon three cases: Jones v. Shapera (C.C.A.) 57 F. 457; United Divers Supply Co. v. Commercial Credit Co. (C.C.A.) 289 F. 316; Ackley School District v. Hall, 113 U.S. 135, 5 S.Ct. 371, 28 L.Ed. 954. The first was on a note payable "to the order of ourselves," indorsed in blank, which became payable to bearer when issued. At the time the suit was filed, the original indorsee was a citizen of a different state from the makers, and could have sued them in the federal court. It followed that since the original promissee could have so sued, his indorsee could. In the second case, the suit was not against the maker but by the ultimate indorsee against a prior indorser. The suit being on the contract of indorsement, the residence of the indorser and of the plaintiff, not of the maker and the plaintiff, was the relevant question; also, the original payee had diversity of citizenship from the makers and could have maintained the action. In the third case, Ackley School District v. Hall, supra, the suit was upon municipal bonds issued to a specified person and indorsed in blank eventually coming into the hands of the plaintiff, but this case was under the Act of March 3, 1875 (chapter 137, § 1, 18 Stat. 470), not under the Act of March 3, 1887 (c. 373, § 1, 24 Stat. 552, as

corrected by the Act of August 13, 1888, c. 866, § 1, 25 Stat. 433).

The acts of 1875 and 1887 are markedly different. In New Orleans v. Benjamin, 153 U.S., 411, at page 433, 14 S.Ct. 905, 38 L.Ed. 764, the court calls attention to the different phraseology of the two acts and says that the restriction as to suits on promissory notes, which was removed by the Act of 1875, was restored by the Act of 1887. In that case it was held that the court had no jurisdiction because the bill contained no averment that it could have been maintained by the assignees, if no assignment had been made.

In Parker v. Ormsby, 141 U.S. 81, 11 S.Ct. 912, 913, 35 L.Ed. 654, the court pointed out that the Acts of 1887, 1888 differed from the Act of 1875 only with reference to suits in favor "of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation." It further recognized that an indorsee could sue the indorser if they were citizens of different states, regardless of the general rule, because "the indorsee would not claim through an assignment, but by virtue of a new contract between himself and the indorser." The court also stated (141 U.S. 81, at page 85, 11 S.Ct. 912, 913, 35 L.Ed. 654): "The holder if a negotiable instrument payable to bearer or to a named person or bearer could sue the maker in a court of the United States, without reference to the citizenship of the original payee or original holder, because his title did not come to him by assignment, but by delivery merely. Bank of Kentucky v. Wister, 2 Pet. 318, 326 [7 L.Ed. 437]; Thompson v. Perrine, 106 U.S. 589, 592, 1 S.Ct. 564, 568 [27 L.Ed. 298], and authorities there cited. There can be no claim that the present case is within either of those exceptions."

In the present case, not only does the bill contain no averment that this suit could have been prosecuted by the original payee in the notes, but it affirmatively appears in the record that the notes as originally issued were payable "to the order of Osceola Golf Club," and by said Golf Club were subsequently indorsed in blank as follows: "Osceola Golf Club, E. S. Vilokos, President, A. T. Hogarth, Secretary." It further appears that said notes were dated May 19, 1926, payable one, two, and three years after date, and were transferred to appellee on June 8, 1933, at a time when they were past-due and unpaid.

It may be conceded that, under the negotiable instruments law, the notes are payable to bearer, since the only indorsement thereon is in blank, but it does not follow that an instrument payable to bearer under the uniform negotiable instruments law (Comp.Gen.Laws Fla. 1927, § 6769) is payable to bearer within the exception of the federal assignment statute now under discussion. These notes are not payable to bearer within the exception of the above statute, since they were payable to a specified corporation and by it later indorsed in blank and delivered to appellee. It would defeat the purpose of the statute if the payee of such notes could create jurisdiction in a federal court merely by an indorsement in blank. Thompson v. Perrine, 106 U.S. 589, 1 S.Ct. 564, 568, 27 L.Ed. 298; City of New Orleans v. Benjamin, 153 U.S. 411, 14 S.Ct. 905, 38 L.Ed. 764; City of New Orleans v. Quinlan, 173 U.S. 191, 19 S.Ct. 329, 43 L.Ed. 664; Newgass v. City of New Orleans (C.C.) 33 F. 196; Rollins v. Chaffee County (C.C.) 34 F. 91; Wilson v. Knox County (C.C.) 43 F. 481; Thomson v. Town of Elton (C.C.) 100 F. 145; Lyon County v. Keene Five-Cent Savings Bank (C.C.A.) 100 F. 337; Independent School District v. Rew (C.C.A.) 111 F. 1, 55 L.R.A. 364; State National Bank of Denison v. Eureka Springs Water Co. (C.C.A.) 174 F. 827; Hollingsworth v. Multa Trina Ditch Co. (C.C.A.) 51 F.(2d) 649; Tillman v. Russo Asiatic Bank (C.C.A.) 51 F.(2d) 1023, 80 A.L.R. 1368, certiorari denied 285 U.S. 539, 52 S.Ct. 312, 76 L.Ed. 932. See, also, Dobie on Federal Procedure (1928) § 70, p. 230, and note 47, p. 229; Foster's Federal Practice (6th Ed.) vol. 1, p. 259.

Since the District Court was without jurisdiction of this controversy, its judgment is reversed, and the cause remanded with directions to dismiss the suit for want of jurisdiction.

Reversed.

On Second Application for Rehearing.

PER CURIAM.

Appellee presents what he terms an extraordinary petition for rehearing, but which is nothing more than a second application for rehearing. He also presents a petition to recall the mandate and stay further proceedings, pending an application to the Supreme Court for a writ of certiorari. It appears from the record that

judgment of reversal was entered on July 15, 1937. Application for rehearing was denied on August 13, 1937. The mandate was not sent down until August 27, 1937, fourteen days later. The present application was filed September 3, 1937. Appellee had ample time to apply for a stay of mandate, after rehearing was denied, before the mandate issued. Had he done so, no doubt the application would have been granted as of course. Our rules do not contemplate the filing or consideration of second applications for rehearing. The petition now filed presents nothing that had not been previously considered. Such practice is not to be encouraged. Williams v. Conger, 131 U.S. 390, 9 S.Ct. 793, 33 L.Ed. 201.

The second petition for rehearing is dismissed. The petition to recall and stay the mandate is denied.