PROVOSTY, J.
The note sued on was, acquired by plaintiff before maturity, and the only question is as to whether it is a negotiable note, so that the equities as between the maker and the payee may not be pleaded. It reads as follows:
“$14,871.60. Bogalusa, La., Dec. 16, 1912.
“One year after date, I, we, the signers,'indorsers, sureties, or either of us, in solido, promise to pay to the order of the Commercial Bank, Bogalusa, Louisiana, fourteen thousand eight hundred seventy-one and 60/100 dollars with interest at the rate of 8 per cent, per annum from maturity until paid, for value received.
“This note is secured by pledge of the securities on the reverse hereof, with the right to call for additional security should the same decline, and on failure to respond, this obligation shall be deemed to be due and payable on demand. 'With full power and authority to sell and assign, and deliver the whole of said property or any part thereof, or any substitute therefor, or any additions thereto, at any broker’s board, or at public or private sale, at the option of said bank, on the nonperformance of this promise, and without further notice, applying the net proceeds, first to the payment of this note, interest and costs of the sale and the balance at the option of the bank to any other liability to the bank now existing, or which may hereafter accrue, and accounting to me for the surplus, if any, and I hereby agree to pay the attorney’s fees of ten per cent, on the amount sued for, or recovered without suit by sale or collection of the securities, in case of suit or legal service in or out of court. It Is further agreed that the pledgee shall have' the right to buy in the said securities, at the said public or private sale. It is fm-ther agreed that independently of the right to sell the said securities, the bank at the maturity of this note, and on my default to pay same, shall have the right immediately to apply any sum or balance to my credit, to the payment of said note, interest and costs. The makers and indorsers of this note each waive demand, protest and notice of protest and notice of dishonor.
“Payable at the Commercial Bank, Bogalusa, La. W. W. Warner.
“Due 12/16/13.”
Indorsements:
“Secured by 102 shares capital, Bank of Angie, La.
“The Commercial Bank, by L. L. Richardson, Jr., Cashier.
“Plff’s. Ex. 1. Piled in evidence July 7, 1915. M. A. Thipen, Clerk.”
W'e have italicized the clauses which it is claimed render the note nonnegotiable.
[1] As to the second of said clauses the contrary was expressly held in Bonart v. Rabito, 141 La. 970, 76 South. 166.
[2] The other, or first, of said italicized clauses is said to make the time of payment contingent, and therefore uncertain. The possible depreciation of pledged securities is no more contingent than the future bankruptcy of the maker, and yet the latter contingency was held in the same Rabito Case not to have impaired the negotiability of the note; the court saying:
“What it meant by the provision in section 4 of the negotiable instrument law [Act No. 64 of 1904] that an instrument payable upon a contingency is not negotiable and the happening of the event does not cure the defect is that an instrument that stipulates no fixed or determinable future time at which it must be paid in any event, but is payable upon a contingency that may never happen, is not an unconditional promise to pay. What is meant by the provision that to be a negotiable instrument a promissory note must be payable at a fixed or determinable future time is that some date must be either fixed or determinable at which the holder of the note may insist upon payment, unless then it shall have been already paid.”
From 3 R. C. L. 906, we quote:
“If a specific day of payment is inserted, the note is then payable at all events, and its negotiability is not affected by the fact that an uncertain and different time of payment is also inserted.”
And again, page 908:
“Acceleration of Maturity Generally. Though an instrument to be negotiable must be payable at some fixed period of time, or on some event which must inevitably happen, yet where a note contains an absolute promise to pay at a time specified, its quality as a negotiable instrument is not destroyed by. the fact that it also embodies a conditional promise to pay at an earlier time as, for instance, where a note payable on a certain day contains a provision that it shall be payable on an earlier day, if *1025 certain property is sold, or at the death of the maker if he should die before the date of maturity, or on the completion of a certain building, if that should happen before the day named in the note for payment. The conditional promise to pay the money before the time specified does not abrogate or interfere with the absolute promise to pay at the expiration of the time. The conditional promise not being performed, the absolute promise to pay at the expiration of the time remains in full force.”
See, also, authorities cited, Hibernia Bank & Trust Co. v. Dresser, 132 La. 532, 61 South. 573, and in Independent District v. Hall, 113 U. S. 135, 5 Sup. Ct. 371, 28 L. Ed. 954.
The judgment appealed from is therefore set aside, and it is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, the Mechanics & Metals National Bank, against the defendant, W. W. Warner, in the sum of $14,871.60 with 8 per cent, per annum interest thereon from December 16, 1913, together with 10 per cent, on said amount in capital and interest, and recognizing the lien and privilege of the said bank for the security of the payment of this judgment upon the 102 shares of the capital stock of the Bank of Angie, Angie, La., pledged to secure the payment of note sued on; and condemning defendant to pay the costs of this suit.