## MERCHANTS & MARINE BANK OF PAS-CAGOULA, MISS., v. HIBERNIA BANK & TRUST CO. et al.

### No. 525.

District Court, E. D. Louisiana.

Oct. 2, 1936.

Ford, White & Morse (by E. J. Ford and J. I. Ford), of Pascagoula, Miss., and Taylor, Porter & Brooks (by Benjamin B. Taylor), of Baton Rouge, La., for plaintiff.

William C. Dufour, Philip E. James, and Rene J. Waguespack, all of New Orleans, for defendants.

BORAH, District Judge.

This action involves the right of plaintiff to set off its deposit balance against a certain promissory note payable to the order of the Hibernia Bank & Trust Company dated February 20, 1933, and due March 22, 1933.

The record supports the following conclusions as to the material facts: On January 21, 1933 plaintiff herein executed and delivered to Hibernia Bank & Trust Company its promissory note in the amount of $20,000, due on February 20, 1933, and attached certain collateral to secure same. On February 6, 1933, the Hibernia Bank & Trust Company, by authority of its board of directors, secured a loan from the Reconstruction Finance Corporation in the sum of $10,000,000 and pledged certain assets of the bank as security for said $10,-000,000 note; that among the assets lawfully pledged was the note which is the subject of this controversy, dated January 21, 1933, in the amount of $20,000. When the above-described note of the Merchants & Marine Bank of Pascagoula, Miss., matured on February 20, 1933, said note was returned by the Reconstruction Finance Corporation to the Hibernia Bank & Trust Company for collection or renewal upon a trust receipt executed by the Hibernia Bank in favor of the Reconstruction Finance Corporation. On February 20, 1933, plaintiff executed a renewal note in the amount of $19,500 maturing March 22, 1933, and agreed that all of the collateral pledged to secure the original $20,000 note dated January 21, 1933, should continue as security for the renewal note dated February 20, 1933. In addition to the execution of the renewal note, plaintiff paid to the Hibernia Bank & Trust Company on February 20, 1933, the sum of $500 representing the difference in principal amount between the old and the renewal note. In compliance with the terms of the trust receipt, the Hibernia Bank & Trust Company delivered to the Reconstruction Finance Corporation on March 1, 1933, the renewal note of plaintiff dated February 20, 1933, together with $500 representing the difference in cash aforesaid, and the renewal note has remained in the possession, custody, and control of the Reconstruction Finance Corporation since that time. It is not disputed that the note was thus pledged to the Reconstruction Finance Corporation in due course and before maturity. It further appears that when the Hibernia Bank & Trust Company was placed in liquidation on May 20, 1933, the plaintiff had a deposit balance in said bank of $22,916.28. Subsequently a liquidating dividend of $9,854.00 which was due plain-

tiff was deposited in the registry of the civil district court for the parish of Orleans and later applied to the reduction of plaintiff's note dated February 20, 1933. This note was further reduced by additional payments amounting to $7,721.40 as of date February 7, 1935, and on February 20, 1935, the collateral securing the $19,-500 note was released by the Reconstruction Finance Corporation to the plaintiff when they agreed to the terms of a release of collateral agreement entered into by and between the parties to this controversy, whereby plaintiff tendered to the Reconstruction Finance Corporation a Federal Reserve Bank check in the amount of $11,-000 to be substituted for and held in lieu of all the collateral securing the note of plaintiff dated February 20, 1933. This check of $11,000 is presently held by the Reconstruction Finance Corporation in lieu of the aforementioned collateral securing said $19,500 note.

Plaintiff by this action now seeks to compensate and set off the balance due on this promissory note against a frozen balance with the Hibernia Bank & Trust Company. It is admitted that the said $19,500 note of plaintiff is a negotiable instrument, it was pledged and delivered to the Reconstruction Finance Corporation before maturity. It is also admitted that if the said note of plaintiff is not a negotiable instrument, it has not been legally assigned or pledged to the Reconstruction Finance Corporation; that the Reconstruction Finance Corporation took it subject to equities; and that, therefore, plaintiff is entitled to the benefit of compensation and set off as against Reconstruction Finance Corporation as prayed for. In the light of these admissions, it is obvious that the principal argument in this case centers around the question as to whether or not the note is a negotiable promissory note within the meaning of the uniform Negotiable Instrument Law adopted by the Legislature of this State by Act No. 64 of 1904.

Plaintiff contends that the note is not a negotiable instrument because it offends against section 1 of the act, which provides:

"An instrument to be negotiable must conform to the following requirements: * * *

"3. Must be payable on demand, or at a fixed or determinable future time."

That it offends against section 5 of the act, which provides that: "An instrument which contains an order or promise to do any act in addition to the payment of money is not negotiable."

The particular clause of the Hibernia Bank & Trust Company note upon which this contention is based reads as follows: "If, at any time, the security held by said bank for this note, and for such other debts, liabilities and obligations, be or become unsatisfactory to said bank, the makers hereof agree to furnish, on demand, such further security or make such payment on account as shall be satisfactory to said bank."

Accordingly, it is argued that the clauses of said note and the note that preceded it constitute an order or promise to do something in addition to the payment of money, and make the time of its maturity depend wholly on the caprice of the payee. In determining the issue thus presented, resort must be had to the Louisiana jurisprudence, for it is conceded that this court should accept the definite interpretation of the state's negotiable instrument law as construed by the highest court of the state.

The Supreme Court of the State of Louisiana has considered this question upon numerous occasions, but in no instance did the note in controversy contain the identical clause which is found in the Hibernia Bank note. My conclusion, from an analysis of all of the authorities, is that some of the earlier expressions of the Supreme Court would tend to support the argument of plaintiff; but I take it as now settled in the light of the hereinafter cited authorities that there can be no question as to the negotiability of the Hibernia Bank & Trust Company note. Bonart v. Rabito, 141 La. 970, 76 So. 166; Mechanics & Metals National Bank v. Warner, 145 La. 1022, 83 So. 228; In re Liquidation of Canal Bank & Trust Co., 182 La. 421, 162 So. 31, 102 A.L.R. 1091.

An instrument payable on a day certain is negotiable, and this note contains an absolute promise to pay at a time specified. In the light of the authorities, supra, it is clear that an acceleration clause such as we have here does not destroy the negotiability of a note. Having reached the conclusion that the note in question is a negotiable instrument and that it was pledged to the Reconstruction Finance Corporation before maturity and for value, and

that the Reconstruction Finance Corporation is a holder in due course, there can be no question here offsetting against the Hibernia Bank & Trust Company in liquidation for the obvious reason that the plaintiff owes no debt to the Hibernia Bank & Trust Company in liquidation but owes one debt to the Reconstruction Finance Corporation.

Anticipating the possibility of a holding that the note was negotiable and that compensation would not take place, it is argued that plaintiff is entitled to have said note paid as a preference claim or the defendant Reconstruction Finance Corporation should be relegated to its other collateral; and without prejudice to these positions it is submitted that in any event plaintiff would be subrogated to the rights of the Reconstruction Finance Corporation under the laws of Louisiana. These contentions and others have been considered: In the main they present the same questions that were before the court in Re Liquidation of Canal Bank & Trust Company, supra. In my opinion they are without merit.

Judgment may accordingly be entered (1) dismissing the suit directed against J. S. Brock, State Bank Commissioner, through R. N. Sims, his special agent, and J. Edward McQuire, liquidator, all in charge of Hibernia Bank & Trust Company; and (2) in favor of the Reconstruction Finance Corporation and against plaintiff herein as prayed for.